(95 Misc. Rep. 681)

### PEOPLE ex rel. SCHINDLER v. KAISER, Keeper, etc.

(Supreme Court, Special Term, Erie County.   June 5, 1916.)

1. CRIMINAL LAW ⊜⇒1001—SENTENCE—SUSPENSION.
    The court has inherent power at common law to suspend the execution of a sentence.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2554–2559; Dec. Dig. ⊜⇒1001.]

2. CRIMINAL LAW ⊜⇒1001—SENTENCE—SUSPENSION.
    Code Cr. Proc. § 483, subd. 4, relating to probation of offenders, and providing that, upon revocation of suspension of sentence of persons released under this law, the judgment shall be in effect for its "unexpired

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

term," has no application to sentence, the execution of which is suspended in the exercise of the common-law power of the court, without reference to probation laws.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2554–2559; Dec. Dig. ☞1001.]

3. CRIMINAL LAW ☞1001—SENTENCE—SUSPENSION—"PROBATION."

The word "probation," as used in Code Cr. Proc. § 483, subd. 4, has reference to the general scheme of probation established by statute and enforced by the court through probation officers.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2554–2559; Dec. Dig. ☞1001.]

4. CRIMINAL LAW ☞1001—SUSPENSION OF SENTENCE.

Where execution of defendant's sentence was suspended, but defendant not placed under charge of probation officers, as provided in Code Cr. Proc. § 483, subd. 2, nor any reference made to probation, such suspension was merely a common-law suspension, and upon revocation the sentence provided in the original judgment must be carried out.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2554–2559; Dec. Dig. ☞1001.]

Habeas corpus, on relation of Nellie Schindler, against Harry Kaiser, Keeper of the Erie County Penitentiary. Writ dismissed, and relator remanded to custody.

The release of relator is sought on the ground that the term of her imprisonment has expired.

Frank A. Abbott, of Buffalo, for relator.

Burt A. Duquette, Dist. Atty., of Lockport, opposed.

WHEELER, J. The relator was convicted on her plea of guilty at a term of the Niagara County Court on the 29th day of May, 1915, of a violation of the Liquor Tax Law of the state of New York (Consol. Laws, c. 34), and was therefore sentenced "to be confined in the Erie County Penitentiary for the period of one year, and to pay a fine of $200." The judgment of conviction contained this further entry or words:

"Execution of the penitentiary sentence is suspended. Fine paid May 29, 1915."

The relator was released from custody, but was again on the 6th day of January, 1916, arrested upon a warrant issued by the county judge, and brought before the court, and on the 8th day of January, 1916, the County Court made an order:

"That the order heretofore made by this court, suspending the execution of the penitentiary sentence as aforesaid, be and the same is revoked, and said defendant, Nellie Schindler, is hereby committed to the Erie County Penitentiary to serve for the period of one year as directed by said sentence so pronounced as aforesaid, upon judgment of conviction herein."

The order recites that the County Court was moved to take this action owing to certain alleged violations of the Penal Law of the state (Consol. Laws, c. 40).

[1] The relator was accordingly incarcerated in the penitentiary, and there is no question as to the power of the court to suspend the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

execution of a sentence after it has been passed. People v. Court of Sessions, 141 N. Y. 288, 36 N. E. 386, 23 L. R. A. 856; People v. Webster, 14 Misc. Rep. 617, 36 N. Y. Supp. 745; People v. Goodrich (Sup.) 149 N. Y. Supp. 406. This power it is said exists at common law, arising from the inherent power of the court over its own decrees. People v. Goodrich (Sup.) 149 N. Y. Supp. 406; People v. Court of Sessions, 141 N. Y. 288, 36 N. E. 386, 23 L. R. A. 856.

[2] In addition to the common-law right, certain rights are expressly conferred by statute, to be found in section 483 of the Code of Criminal Procedure. An examination of this section and of its subdivisions shows that the precise case here presented is not covered. Subdivision 1 of the section relates to the suspending of sentence, rather than to the suspension of the execution of the sentence after it has been pronounced. Section 2 relates to cases where "the judgment is to pay a fine and that the defendant be imprisoned until it is paid," which is different from one where the sentence provides both for the payment of a fine and imprisonment. Subdivision 3 relates to the transfer of the supervision of the probationer from one county to another. Then comes subdivision 4 of the section, which has been quoted at length:

"4. At any time during the probationary term of a person convicted and released on probation in accordance with the provisions of this section, the court before which, or the justice before whom, the person so convicted was convicted, or his successor, or the court to which the person on probation is transferred as hereinabove provided, may in its or his discretion, revoke and terminate such probation. Upon such revocation and termination, the court may, if the sentence has been suspended, pronounce judgment at any time thereafter within the longest period for which the defendant might have been sentenced, or, if judgment has been pronounced and the execution thereof has been suspended, the court may revoke such suspension, whereupon the judgment shall be in full force and effect for its unexpired term."

It will be noted this clause provides that at any time during the probationary term of a person "released on probation in accordance with the provisions of this section" the court may "revoke and terminate such probation," and upon such revocation, "if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke such suspension whereupon the judgment shall be in full force and effect for its unexpired term." There appears, therefore, to be good and sufficient reasons why the relator cannot avail herself of this latter provision quoted: First, because the sentence imposed on her was not suspended by virtue of the provisions of section 483, but under the common-law power possessed by the court; second, because the revocation and subsequent procedure of the court prescribed by the section relates only to persons "released on probation in accordance with the provisions of this section," which necessarily excludes persons released by the suspension of execution of sentence under the common-law power of the court.

This is true, even though we were to regard the suspension of the execution of the sentence as tantamount to putting the relator on probation. As matter of fact, however, we do not think the relator can be said to have been put on probation during the suspension of the execution of the sentence. The judgment of conviction and the sus-

pension of its execution makes no mention whatever of any probation of the relator. Indeed, the course pursued by the court before whom she was convicted wholly ignores the whole scheme of probation as outlined in our statutes. Section 11a of the Code of Criminal Procedure authorizes the appointment of probation officers, subdivision 2 defines their duties, and subdivision 4 provides that when any court suspends sentence and places a defendant on probation it shall determine the conditions and period of probation.

[**3**] In a certain sense it probably can be said that any person convicted and by order of the court set at liberty, subject to the right of the court for any reason to revoke its order, such person is at liberty on probation. We take it, however, that when the word "probation" is used in the statute it has reference to the general scheme of probation established and authorized by statute, where the probationer is expressly made subject to the control, direction, and discipline of the court, through probation officers or otherwise, as prescribed in the statute law.

[**4**] Subdivision 2 of section 483 also provides that in cases arising under that section the court "shall place such defendant on probation under the charge and supervision of a probation officer during such suspension." None of these things were done in the case at bar. We therefore must conclude that the relator was given the benefit of only a common-law suspension of the execution of the sentence, and not one under the statute, and when the suspension was revoked it only remained to carry out the terms of the original judgment providing for a year's imprisonment.

The writ is therefore dismissed, and the prisoner remanded to the keeper of the Erie County Penitentiary, to be by him retained in custody until the expiration of the year's imprisonment named in the original judgment.

So ordered.