**UNITED STATES ex rel. ROBINSON v. DAY, Commissioner of Immigration.**

No. 419.

Circuit Court of Appeals, Second Circuit.
July 7, 1931.

CHASE, Circuit Judge, dissenting.

Edwin L. La Crosse, of New York City, for appellant.

Morton Baum, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

Robinson, the relator, entered the United States from Canada in 1920 and stayed here till February, 1929, when he made a short trip to his home. He re-entered on February 7, 1929, and in the following May was indicted for forgery in the second degree in the Court of General Sessions of the City of New York. He pleaded guilty to the crime of forgery in the third degree, and was sentenced to state's prison for not less than one year and six months, and not more than two years and six months; "the said sentence to remain wholly unexecuted as long as the defendant continues to contribute eight dollars a week towards the support of his child by his marriage with Angelina D. Scorpa." He was never imprisoned, as he continued to make the required payments, but he was arrested for deportation in August, 1929, and ordered deported as an alien who had been sentenced to a term of imprisonment of more than one year. He sued out a writ of habeas corpus which the District Judge dismissed, and now appeals from the order.

Forgery in all its degrees, as defined by the Penal Code of New York (Penal Law, § 880 et seq.), involves an intent to defraud, and is thus a crime of moral turpitude. Neither the immigration officials, nor we, may consider the circumstances under which the crime was in fact committed. When by its definition it does not necessarily involve moral turpitude, the alien cannot be deported because in the particular instance his conduct

1023

was immoral. U. S. ex rel. Mylius v. Uhl, 210 F. 860 (C. C. A. 2); Howes v. Tozer, 3 F.(2d) 849 (C. C. A. 1); U. S. ex rel. Castro v. Williams (D. C.) 203 F. 155; U. S. ex rel. Griffo v. McCandless (D. C.) 28 F.(2d) 287. Conversely, when it does, no evidence is competent that he was in fact blameless. Tillinghast v. Edmead, 31 F.(2d) 81, 82 (C. C. A. 1). In that case he is remitted to a pardon or to the recommendation of the judge at the time of sentence. We are therefore confined to considering whether the relator was "sentenced to imprisonment for a term of one year or more."

■ Formally indeed he was; the sentence so read. Actually he never was, because he was not to be imprisoned unless he defaulted in the weekly payments to his child. The sentence was absolute; the imprisonment was conditional. It is the sentence which marks the gravity of the offence; through it the statute takes account of the particular circumstances, which it ignores in making the definition of the crime conclusive. The notion is that the judge, in the light of all the surroundings, must appraise the alien's conduct as deserving a year's imprisonment, and must impose it. It is not enough that the crime necessarily involves immoral conduct; it must be heinous enough to require punishment in prison. If the sentence be out and out suspended, obviously that condition is not fulfilled; he may never be imprisoned at all. If it be imposed, but execution conditionally suspended, the same is true; for the punishment is only held in terrorem to insure performance, and performance will avoid it altogether. The judge has not fixed imprisonment as a penalty for the crime. Indeed, the only difference in substance between the two is that in the second the conditions and the penalty are both defined, while in the first each is left open for future determination.

■ Therefore, unless we are to close our eyes to the substance and go merely on form, a sentence whose execution is conditionally suspended is not a sentence to imprisonment at all; it is no more than a device to compel the offender to a course of conduct deemed desirable. It is not punitive, but reformatory, or as here compensatory, precisely like a suspended sentence. But the statute speaks in punitive terms, though it may not be tolled by parole or commutation, once the judge has committed the offender. The case is in some aspects not unlike U. S. ex rel. Mignozzi v. Day (C. C. A.) 51 F.(2d) 1019, decided at the same time. Strictly it is one of first impression, for so far as we can find Wilson v. Carr, 41 F.(2d) 704 (C. C. A. 9), is the only decision which strikes close to it. While some of Judge Rudkin's language is in accord with what we have said, the facts did not present the point before us.

Order reversed; relator discharged.

CHASE, Circuit Judge (dissenting).

Although the sentence imposed was to remain unexecuted as long as the relator made certain payments, he was none the less sentenced. People v. Kaiser, 95 Misc. Rep. 681, 159 N. Y. S. 322. All other requirements of 8 USCA § 155, under which he was ordered deported, were satisfied. Congress did not make deportation contingent upon actual confinement in prison after sentence. It provided for the deportation of aliens who were merely " * * * sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, * * * * " and it might well, as it did, make that alone a ground of deportation. If the enforcement of this plain provision of the statute works too great hardship in some instances, the sole power to remedy that lies in the legislative body responsible for its enactment.

I would affirm the order of deportation.