## BERMANN v. REIMER, Commissioner.
### No. 26.

Circuit Court of Appeals, Second Circuit.
Nov. 3, 1941.

332

Martin Koeppel and Harry Gittleson, both of Brooklyn, N.Y., for appellant.

Mathias F. Correa, U. S. Atty., and John B. Creegan, both of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The only question involved in this appeal is whether the relator, an alien, was properly denied entry into the United States under § 136(e) of Title 8 U.S.C.A., on the ground that he had been convicted of a crime involving moral turpitude. He had been a merchant doing business in Bern, Switzerland; he became bankrupt in April, 1938, and his business was liquidated; at about the same time he was convicted of "fraud" in the criminal division of the Superior Court of the Canton of Bern, a copy of whose decision was put in evidence at the hearings before the Board of Special Inquiry. This was a long, discursive document, reciting the court's findings (with some of the evidence) that the alien had purchased merchandise in 1938 from one, Stauffenegger; that he had assured Stauffenegger in October, 1937 that he was solvent; and that he knew these assurances to be false when he made them. For this reason he was "declared guilty of fraud", was fined the costs of the "Government", and was sentenced to five months imprisonment in the "House of Correction", the imprisonment being "conditionally remit-

ted, subject to a time of probation of 3 years". We shall assume that such a sentence is the equivalent of a sentence of imprisonment in this country, whose execution the court suspends and puts the convict on probation.

We have no doubt that to obtain goods upon false representations is an offence "involving moral turpitude". Nishimoto v. Nagle, 9 Cir., 44 F.2d 304; U. S. ex rel. Robinson v. Day, 2 Cir., 51 F.2d 1022; Mercer v. Lence, 10 Cir., 96 F.2d 122. However, if the effort had been to deport the alien because of his commission of such a crime in this country, instead of to exclude him for a crime committed before entry, the sentence imposed here would not have been enough. In U. S. ex rel. Robinson v. Day, supra, 51 F.2d 1022 we held that an alien was not deportable under § 155 of Title 8 U.S.C.A., even though the judge sentenced him to prison, if he suspended execution. We do not understand that this ruling is affected by Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204; but Section 136(e) which governs exclusion, requires only that the alien shall "have been convicted of * * * a felony or other crime * * * involving moral turpitude"; it says nothing about the sentence; and the distinction probably resulted from the substantial difference to an alien between excluding and deporting him. To deport one who has struck his roots here, for perhaps five years, and who may have established connections which he cannot make elsewhere, may be a penalty approaching exile in its severity. Congress apparently flinched at imposing it unless the judge who sentenced the alien thought his crime heinous enough to demand actual imprisonment; at any rate that is what it said. It is true that at the present time denial of entry may have consequences almost as grave as deportation; but we cannot construe the statute with that in mind; we must read it as things were when it was passed. Then it was quite natural to refuse entry to those offenders who had been merely convicted of such crimes, even though the particular circumstances made their conduct so venial that the judges who tried them did not think that they deserved imprisonment. Congress believed that the conviction alone demonstrated a disposition which made them undesirable additions to our population. In re "F.", 37 Op. Atty.Gen. 259.

Order affirmed.