UNITED STATES of America ex rel. Roy Joseph FELLS, Petitioner,

v.

Charles GARFINKEL, Respondent.

Civ. A. No. 15338.

United States District Court
W. D. Pennsylvania.

July 11, 1957.

Robert S. Grigsby, Pittsburgh, Pa., for petitioner.

SORG, District Judge.

On May 24, 1956, petitioner, an alien, pleaded guilty to charges of issuing bank checks with intent to defraud in the State of California. On June 15, 1956, petitioner was sentenced to a term of one year in the county jail. This sentence was suspended and petitioner was placed on probation. On July 5, 1956, following a hearing, petitioner was ordered deported from the United States, and on August 14, 1956, he was deported to Canada. Several days later, petitioner returned to this country. In November he was arrested and, following another deportation hearing, was again ordered deported. Petitioner seeks a review of these proceedings by means of his present petition for a writ of habeas corpus.

The first deportation order was based on Section 241(a) (4) of the Immigration and Nationality Act (8 U.S.C.A. § 1251(a) (4)) which provides as follows:

"(a) Any alien in the United States (including any alien crewman) shall, upon the order of the Attorney General, be deported who * * *

"(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more. * * * "

Petitioner contends that the first deportation order was invalid since it was based upon a conviction, sentence for which was suspended. Petitioner relies upon United States ex rel. Robinson v. Day, 2 Cir., 1931, 51 F.2d 1022; Bermann v. Reimer, 2 Cir., 1941, 123 F.2d 331, and Pino v. Nicolls, 1 Cir., 1954, 215 F.2d 237, 240. Petitioner contends that the second order was also invalid since it was based upon a previous invalid order.

The cases cited by petitioner involved the construction of Section 19 of the Immigration Act of 1917 (8 U.S.C. § 155) which provided for the deportation of aliens who had been "sentenced to imprisonment for a term of one year or more." The courts in these cases held that Section 19 required actual imprisonment for a year or more as a ground for deportation and that a suspended sentence was not sufficient.

In enacting the Immigration and Nationality Act in 1952, Congress changed the language of this section. As quoted above, Section 241 of the Act provides for the deportation of an alien who has been "either sentenced to confinement or confined therefor" for a year or more. The quoted language of Section 241 by including the term "confined" in the disjunctive indicates an intention to differentiate and further specify the meaning of the term "sentenced to confinement" so as to include those sentences under which there is no actual imprisonment. The cases cited by petitioner are inapplicable under the language of present Section 241.

Petitioner also contends that he was not afforded the opportunity to retain counsel, that the hearings were not conducted with substantial fairness, and that the first deportation order was not based upon reasonable, substantial and

probative evidence. The evidence in the record does not support these contentions.

The petition for a writ of habeas corpus will be denied.

An appropriate order will be entered denying the petition for a writ of habeas corpus.