**Franz Xavier HOLZAPFEL, Plaintiff,**

**v.**

**W. J. WYRSCH, Acting District Director Immigration and Naturalization Service and William P. Rogers, Attorney General of the United States, Defendants.**

**Civ. A. No. 1160–57.**

United States District Court
D. New Jersey.
Dec. 11, 1957.

tion proceedings is justified under 5 U.S. C.A. § 1001 et seq.

The complaint alleges the exhaustion of other remedies by appeal from the order of finding of deportability to the Board of Immigration Appeals, the dismissal of said appeal, and entry of final order of deportation thereon, requiring the plaintiff to appear on December 5, 1957 for deportation the following day.

On November 25, 1957 plaintiff applied to this Court, *ex parte,* for an order to show cause why the injunctive relief sought in the complaint should not be granted, and, upon the return of said order to show cause on December 2, 1957, the matter was argued and the agrument thereon supplemented by a memorandum of law submitted in behalf of the plaintiff.

It appears from the complaint and from a certified transcript of a portion of the records of the County Court of Passaic County, New Jersey, that on March 29, 1957, following plaintiff's conviction upon an indictment charging an act of open lewdness on April 15, 1956, the said County Court ordered and adjudged that the plaintiff "be confined in the New Jersey State Reformatory at Annandale, sentence be suspended and the defendant is placed in the custody of the Probation Officer for a period of three years, and one of the conditions of Probation be that the defendant is to take psychiatric treatment."

The foregoing sentence was imposed pursuant to the New Jersey Sex Offenders Act (N.J.S.A. 2A:164–3 et seq.). Pursuant to that Act plaintiff was committed to the Diagnostic Center of the New Jersey Department of Institutions and Agencies at Menlo Park, New Jersey for examination, and, within the time prescribed, a report and recommendations were submitted to the sentencing Court. The examination of the plaintiff at the Diagnostic Center resulted in the determination that plaintiff's conduct which constituted the offense of which he was convicted represented a compulsive and repetitive form of behavior toward which he had been impelled since

Harold L. Weiss, Paterson, N. J., Louis E. Janofsky, Passaic, N. J., for plaintiff.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., Herman Scott, Asst. U. S. Atty., Newark, N. J., for defendants.

WORTENDYKE, District Judge.

This twenty-one year old plaintiff, an alien resident of the United States, seeks a declaratory judgment under 28 U.S. C. § 2201 that an order for his deportation is illegal, and for temporary and permanent injunctive relief against its enforcement. The review of the deporta-

the age of 18, thereby bringing him within the provisions of the Sex Offender Act of New Jersey.

The deportation order under review is based upon the provisions of 8 U.S.C.A. § 1251(a) (4) which provides, in part, that any alien in the United States shall be deported upon the order of the Attorney General, who is convicted of a crime involving moral turpitude committed within five years after entry "and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more * * *."

Section 155 of Title 8 governing deportation of aliens, prior to the taking effect in 1952 of the Immigration and Nationality Act, provided, in subdivision (a) thereof, that "any alien who, after May 1, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, * * *" shall be deportable. This language was construed in United States ex rel. Robinson v. Day, 2 Cir., 1931, 51 F.2d 1022, at page 1023, in which Judge Learned Hand said:

> " * * * unless we are to close our eyes to the substance and go merely on form, a sentence whose execution is conditionally suspended is not a sentence to imprisonment at all; it is no more than a device to compel the offender to a course of conduct deemed desirable. It is not punitive, but reformatory, or as here compensatory, precisely like a suspended sentence."

In Robinson, the relator pleaded guilty to forgery and "was sentenced to state's prison for not less than one year and six months, and not more than two years and six months; 'the said sentence to remain wholly unexecuted as long as the defendant continues to contribute eight dollars a week towards the support of his child * * *.' He was never imprisoned, as he continued to make the required payments * * *." It will be noted that the critical language in the Act effective at the time of the decision in Robinson is to be found in the phrase "sentenced to imprisonment for a term of one year or more." In § 1251 (a) (4) of the 1952 revision of the Immigration and Naturalization Laws, the corresponding critical language is to be found in the phrase "either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, * * *."

Assuming that the offense of which the present plaintiff was convicted (open lewdness) is a crime involving moral turpitude (see State v. Newton, 17 N.J. 271, 111 A.2d 272 and State v. Wingler, 25 N.J. 161, 135 A.2d 468), there was obviously no confinement of the plaintiff in a prison or corrective institution for a year or more. Further, assuming that by substituting for the phrase "sentenced to imprisonment" (in 8 U.S.C. § 155) the phrase "sentenced to confinement or confined * * * in a prison or corrective institution * * *" (in 8 U.S.C.A. § 1251(a) (4)) Congress intended to avoid the impact of the construction of the earlier phraseology placed upon it in Robinson, we nevertheless have no evidence in the case at bar that the plaintiff was sentenced "for a year or more" as is also required by the presently applicable Statute. It will be noted that the sentence was to confinement in the New Jersey State Reformatory at Annandale (although that sentence was suspended). No term of a year or more was included in this sentence, for N.J.S.A. 30:4–152 provides that courts, in sentencing to the reformatory, shall not fix or limit the duration of sentence. Unlike an indeterminate sentence to State Prison, a reformatory inmate is immediately eligible for consideration for parole, and the time which any person shall serve in the reformatory may not in any case exceed five years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced. In re Legdon, 1951, 13 N.J.Super. 405, 80 A.2d 490.

It has been held that "because deportation is a drastic measure and at times the equivalent of banishment or exile * * *" the Statute authorizing the same must be given "the narrowest of several possible meanings of the words used." Fong Haw Tan v. Phelan, 1948, 333 U.S. 6, 10, 68 S.Ct. 374, 376, 92 L.Ed. 433. The problem is one of first impression; but following the rule of strict construction applicable to the statutory language upon which the validity of the order for deportation depends, I must conclude upon the complaint and exhibits before me, that the plaintiff has not been brought within the appropriate construction of that statutory language.

This opinion shall constitute the Court's findings of fact and conclusions of law and an order may be presented in accordance with the views herein expressed.