MATTER OF P——

In DEPORTATION Proceedings

A-1195231

*Decided by Board August 14, 1959*

Conviction—Section 241(a)(4), 1952 act, twice convicted alien—Deportability not dependent upon length of sentence or confinement.

Deportability under second clause of section 241(a)(4) of 1952 act relating to twice convicted aliens (unlike first clause relating to single crime within five years of entry) does not depend upon length of sentence or confinement imposed on alien following conviction. An order of deportation based thereon is not invalidated because conviction resulted in a sentence of less than one year, a suspended sentence, probation, or mere fine.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes involving moral turpitude after entry, not single scheme—Unnatural and lascivious act and open and gross lewdness and lascivious behavior.

BEFORE THE BOARD

**Discussion:** The case comes forward on appeal from the order of the special inquiry officer dated May 26, 1959, directing that the respondent be deported on the charge contained in the order to show cause.

The respondent, single, male, was born in the town of Upper Economy, Colchester County, Nova Scotia, Canada, on October 6, 1902. Although the respondent testified that he had been told by his father and two uncles that his father was born in Machias, Maine, and was a United States citizen, the respondent admitted that he had never represented himself as a citizen of the United States. An attempt to verify the birth of the respondent's father at Machias, Maine, was unsuccessful although the authorities advised that birth records there were not complete. The respondent has identified his birth certificate which shows the place of birth of the father of respondent as "Lower Economy, Colchester" in the Province of Nova Scotia, Canada. In addition, respondent has registered as an alien, and was admitted to the United States as an alien. An investigation conducted among close relatives of the respondent, including his mother, indicates that only two out of six persons interviewed

424

thought respondent's father was a United States citizen, the others believing he was born in Nova Scotia, which was the belief shared by his wife. None of the persons interviewed possessed sufficient knowledge regarding the respondent's father to make an affidavit concerning him. It is concluded that the evidence of record establishes alienage.

The respondent first entered the United States for permanent residence at the port of Vanceboro, Maine, on April 26, 1921, as an immigrant. This entry has been verified. He last entered the United States after a short visit to Canada on September 13, 1946.

On January 18, 1943, in the Municipal Court at Boston, Massachusetts, the respondent was convicted for the offense of committing an unnatural and lascivious act with a male person, and was sentenced to six months in the House of Correction with execution of sentence suspended and was placed on probation for a period of one year upon the condition, among others, that he personally appear before the court on January 19, 1944, and on said day last mentioned the term of said probation was dismissed by order of the court. On February 3, 1958, the respondent was convicted of open and gross lewdness and lascivious behavior in the presence of a named person, committed January 24, 1958, and was sentenced to the House of Correction for a term of two years, execution of sentence was suspended and the respondent was placed on probation until February 3, 1960.

Counsel argues that the offenses of which respondent has been convicted, which involve acts which are homosexual in nature, do not necessarily involve moral turpitude. In a long and able brief, counsel makes reference to what he declares are the present commonly accepted *mores* or the modern accepted moral conventions, cites certain psychological and sociological researches and studies and urges that such homosexual offenses should not be regarded as crimes. However, we must take the law as we find it, and in Massachusetts such acts are regarded as crimes. The respondent has been convicted as a criminal and has not been treated merely as an object of psychiatric consideration.[1] We have heretofore held that convictions of these offenses involve moral turpitude.[2]

---

[1] See *Holzapfel* v. *Wyrsch*, 157 F. Supp. 43, in which the defendant was convicted of an act of open lewdness but sentence was imposed pursuant to the New Jersey Sex Offenders Act (N.J.S.A. 2A:164-3 et seq.) whereby the defendant was committed to the Diagnostic Center of the New Jersey Department of Institution Agencies for examination which resulted in a determination that his conduct represented a compulsive repetitive form of behavior and in which it was concluded that there was no *confinement* of the alien in a *prison or corrective institution* for a year or more pursuant to 8 U.S.C. 1251(a)(4).

[2] *Matter of J——*, 2 I. & N. Dec. 533; cf. *Fitzgerald ex rel. Miceli* v. *Landon*, 238 F.2d 864.

562713—61——29

The charge upon which deportation is predicated is the second part of section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4). This section, in its entirety, with the second part underscored, provides that any alien in the United States shall be deported who:

is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, *or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial.*

We have already decided that the two crimes in the instant case involve moral turpitude. It is apparent that these crimes which were committed in 1943 and 1958 do not arise out of a single scheme of criminal misconduct. Counsel contends that under the second clause of section 241(a)(4) of the Immigration and Nationality Act a suspended sentence, even one for a year or more, cannot serve as a ground for deportation and also casts strong doubt that Congress intended the deportation of an alien who has received a sentence for less than a year, a suspended sentence, or straight probation, or has been sentenced to pay a small fine. He asserts that this is too radical a break from the requirement of the previous law of an actual prison sentence of a year or more and too unprecedented a departure to rest upon mere inference, and that inasmuch as the legislative history is silent on so important a change, such silence indicates most forcibly that no drastic change of this type was intended.

It is not believed that the congressional history is as silent as counsel would have us believe. Thus, the Report of the Committee on the Judiciary pursuant to Senate Resolution 137 states with regard to deportation for commission of crimes which involve moral turpitude, as follows:

As to such crimes committed subsequent to the time of the alien's entry, it is held that deportation should be required, in the case of a single conviction, only if the conviction occurred within five years after entry and resulted in confinement in a prison or corrective institution for a year or more. In the case of an alien convicted of two such crimes at any time after entry not arising out of a single scheme of criminal misconduct, the alien is deportable regardless of whether sentenced to confinement.[3]

In commenting on subsection 4 of section 241 of the Immigration and Nationality Act, the report from the Committee on the Judiciary submitted with the bill, S-2550, states that this section involves aliens who, within five years after entry, are convicted of a crime involving moral turpitude and sentenced to imprisonment for a year or more; or who, at any time after entry, are convicted of two *such* crimes, whether or not sentenced. The italicized words "such

---

3 Senate Report No. 1515, 81st Cong., 2d Sess., pp. 391–392.

crimes" obviously refer to crimes involving moral turpitude. The report further explains: "Thus, an alien who at any time after entry is convicted of two crimes involving moral turpitude is deportable, regardless of whether confined therefor, whereas under existing law the alien must have been sentenced to a term of a year or more because of such conviction."[4] There is judicial support for the holding that a suspended sentence for conviction of a crime involving moral turpitude under section 241(a)(4) warrants deportation.[5] The effect of conviction resulting in suspension of execution of sentence was explored at length administratively in *Matter of O——*, 7 I. & N. Dec. 539, and it was held that such suspended sentences constituted a basis for deportation under the second clause of section 241(a)(4).

In *Matter of O——, supra*, there was discussed the holding of the Supreme Court in *Pino v. Landon*, 349 U.S. 901, which involved a conviction in the State of Massachusetts for stealing a dozen golf balls. The alien had been sentenced to imprisonment, sentence suspended, placed on probation, and after the probationary period had passed, sentence was revoked and the case was placed "on file." The Supreme Court held that this type of conviction did not achieve a degree of finality sufficient to support an order of deportation. However, in the instant case we do not have the same type of conviction. Here, after the 1943 conviction execution of sentence was suspended, the defendant was placed on probation until a certain date and on that date the term of probation was dismissed by order of the court. It is to be noted there was no revocation of the prison sentence and a dismissal of the case (as was the situation in *Matter of G——*, 7 I. & N. Dec. 171). "The finding of guilty was unrevoked, and the order of dismissal in the circumstances would have been no more than a judicial determination that the ends of justice had been served by the period of probationary discipline and surveillance— 'an authorized mode of mild and ambulatory punishment'—which had been imposed for the offense of which the defendant had been found guilty." *Pino v. Nicolls*, 215 F.2d 237, 242. The Supreme Court reversal was on grounds not affecting this holding of the First Circuit.

Counsel's third principal point raised is that assuming, without conceding, that deportation under the second clause of section 241

[4] Senate Report No. 1137, 82d Cong., 2d Sess., p. 21.

[5] *Wood v. Hoy*, 266 F.2d 825 (C.A. 9, 1959) citing with approval the court's prior holding in *Arrellano-Flores v. Hoy*, 262 F.2d 667 (1958, appeal pending), in which the court reaffirmed its holding that a conviction in California followed by a suspended sentence and placement on probation remains a conviction within the meaning of the Immigration and Nationality Act of 1952; *United States ex rel. Fells v. Garfinkel*, 158 F. Supp. 524 (W.D. Pa., 1957), aff'd 251 F.2d 846; *Holzapfel v. Wyrsch*, 157 F. Supp. 43 (D.C.N.J., 1957).

(a) (4) of the Immigration and Nationality Act could be based on a suspended sentence, there is still no reason to suppose that the second part of this section must also intend to sanction a deportation based upon a sentence for less than one year, executed or suspended, or on a sentence calling for straight probation or a mere fine. Counsel cites no cases to support this argument but relies upon the scheme of the old act. However, we have pointed out that it was the congressional intent and purpose to alter the old act by more easily reaching the repeater criminal.[6] In actual practice the courts have sanctioned deportation where the sentence was for less than one year.[7]

The respondent's last conviction of the crime of open and gross lewdness and lascivious behavior occurred in January 1958 and he was still on probation at the time of the hearing. The respondent does not appear to be eligible for discretionary relief. The appeal will be dismissed.

**Order:** It is ordered that the appeal be and the same is hereby dismissed.

---

[6] See footnotes 3 and 4, *supra.*

[7] *Matter of M——*, 7 I. & N. Dec. 144, upheld in *Fitzgerald ex rel. Miceli v. Landon*, 238 F.2d 864 (C.A. 1, 1956) ; *United States ex rel. Barile v. Murff*, 116 F. Supp. 163 (D.C. Md., 1953).