MATTER OF V——D——B——

In EXCLUSION Proceedings

A-10067176

*Decided by Board March 11, 1960*

Waiver of excludability—*Nunc pro tunc* exercise of sections 5 and 7, Act of September 11, 1957, not authorized to correct documents issued prior to that date—Conviction *in absentia.*

(1) *Nunc pro tunc* waivers of inadmissibility under sections 5 and 7 of Act of September 11, 1957, are not authorized to correct immigrant visas issued prior to that date.

(2) Alien's conviction in the Netherlands for receiving stolen property, although he was not present in court when the case was called, is not a conviction *in absentia* when he had notice of the proceedings, appeared after the conclusion thereof, took no appeal, and paid the fine.

EXCLUDABLE: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted of crimes involving moral turpitude, to wit: receiving stolen goods (two offenses).

Act of 1952—Section 212(a)(19) [8 U.S.C. 1182(a)(19)]—Has procured visa by fraud or by willfully misrepresenting a material fact.

APPLICATION: Admission to the United States for permanent residence and waiver of excludability under sections 5 and 7 of Public Law 85-316, the Act of September 11, 1957 (8 U.S.C. 1182b and 1251a).

## BEFORE THE BOARD

**Discussion:** The special inquiry officer on December 3, 1959, found the applicant excludable under the provisions of sections 212(a)(9) and (19) of the Immigration and Nationality Act (8 U.S.C. 1182(a) (9) and (19)) as an alien convicted of crimes involving moral turpitude and as one who has procured a visa by willfully misrepresenting a material fact. Pursuant to the authority contained in sections 5 and 7 of the Act of September 11, 1957 (Public Law 85-316), the special inquiry officer waived the grounds of inadmissibility and ordered the applicant admitted to the United States for permanent residence. The case is before us on certification for review of the special inquiry officer's order of December 3, 1959.

The applicant is a native and citizen of the Netherlands, male, married, 62 years of age. He arrived at the port of New York on

May 10, 1954. He presented a valid Netherlands passport, No. D 852114, issued December 15, 1953, and a quota immigrant visa issued by the United States Consul at Rotterdam, Netherlands, on February 8, 1954 valid to June 7, 1954. The applicant was paroled pending determination of his admissibility.

The applicant prior to entry was convicted on two occasions of offenses which may be designated "receiving stolen property" according to standards prevailing in the United States. The record establishes that he was convicted by a Netherlands court-martial on June 24, 1947, of the crime of buying articles belonging to the Netherlands armed forces from members of said forces, knowing or reasonably suspecting such articles to have been obtained criminally, in violation of article 2 of the Decree Combatting Looting during Wartime. He was again convicted by the Police Judge of the District Court of Arnhem, Netherlands, on October 31, 1947, of the crime of concealment in violation of article 416 of the Netherlands Criminal Code. There is affirmative evidence that the applicant made formal application for an immigrant visa to the American Consul at Rotterdam, Netherlands, on December 16, 1953, and willfully concealed the aforestated convictions.

The Immigration Service urges that the applicant is ineligible for a waiver under sections 5 and 7 of the Act of September 11, 1957 (Public Law 85–316), because these provisions are available only to correct documents issued on or after September 11, 1957. The applicant's visa was issued prior to that date. Recent decisions by the Attorney General support the Service position (*Matter of DeF——*, A–10547426, Int. Dec. No. 978 (Atty. Gen., Feb. 26, 1959), and *Matter of DeG——, et al.*, A–10644351, A–10847616, A–11404466, A–11067405, Int. Dec. No. 1036 (Atty. Gen., Dec. 14, 1959)). Accordingly, we find the applicant ineligible for the waivers granted by the special inquiry officer pursuant to the authority contained in sections 5 and 7 of the Act of September 11, 1957 (Public Law 85–316).

Counsel in this proceeding attacks the sufficiency of the applicant's exclusion as a matter of law. He questions whether the applicant was convicted of offenses which involve moral turpitude. A review of the judgments of conviction entered as evidence in this record convinces us that the applicant was convicted on two occasions for receiving certain articles stolen from the armed forces of the Netherlands. Offenses of this nature involve moral turpitude (*Matter of Z——*, 7 I. & N. Dec. 253 (B.I.A., July 6, 1956); *Matter of R——*, 6 I. & N. Dec. 772 (B.I.A., Oct. 27, 1955); *Matter of G——*, 2 I. & N. Dec. 235 (B.I.A., Jan. 13, 1945)).

Counsel also attacks the legality of the applicant's convictions by the Netherlands tribunals. Counsel argues that the statute defining the offense of which the applicant was convicted on June 24, 1947,

requires that it be committed "in time of war" and that it was subsequent to the termination of World War II that the applicant was convicted. Counsel maintains that the applicant's second conviction on October 31, 1947, is a nullity because he was convicted *in absentia*.

We are not permitted to go behind the record of the judgment of conviction to determine the applicant's guilt or innocence of the offenses charged against him (*United States ex rel. Robinson* v. *Day*, 51 F.2d 1022 (C.C.A. 2, 1931); *United States ex rel. Mylius* v. *Uhl*, 203 Fed. 152 (S.D.N.Y., 1913), aff'd 210 Fed. 860). The record of the October 1947 conviction shows that the applicant was not present when his case was called in the District Court at Arnhem. He testified, however, that he had notice of the proceeding, appeared after the conclusion thereof, took no appeal and paid the fine. We agree with the special inquiry officer that under these circumstances the applicant was not convicted *in absentia*.

The applicant is the spouse of an alien lawfully admitted for permanent residence. His wife arrived at the port of New York on September 14, 1959. She testified that she is wholly dependent on the applicant for her support. We agree with the special inquiry officer that there are mitigating factors present in the applicant's case. However, we are aware of no provision of the immigration laws which will permit an adjustment of the applicant's status except a departure from the United States and obtaining a new visa pursuant to the waivers provided by sections 5 and 7 of the Act of September 11, 1957 (Public Law 85–316). An order providing for the applicant's exclusion will be entered.

**Order:** It is ordered that the order entered by the special inquiry officer on December 3, 1959, admitting the applicant pursuant to waivers granted under sections 5 and 7 of the Act of September 11, 1957, be and the same is hereby withdrawn.

*It is further ordered* that the applicant be excluded from the United States under the provisions of sections 212(a)(9) and (19) of the Immigration and Nationality Act in that he is an alien who has been convicted of a crime involving moral turpitude and has procured a visa by willfully misrepresenting a material fact.