MATTER OF H—

In DEPORTATION Proceedings

A-6942345

*Decided by Board March 31, 1961*
*Decided by Board July 26, 1961*

**Deportability—Section 241(a)(4)—Sentenced to confinement or confined.**

Requirement in section 241(a)(4) of Act that an alien who has been con-
victed of crime involving moral turpitude committed within 5 years after
entry must be sentenced to confinement or confined for a year or more is
not satisfied when respondent who has served in excess of one year under
original sentence of 1½ to 15 years is awarded new trial by Michigan court
following which he is placed on probation for 10 months.

(1) Respondent has not been sentenced to confinement for a year or more,
since effect of court's action in granting new trial was to vacate prior sen-
tence. Thereafter, the only legally existing sentence was the sentence to
10 months' probation. (2) Time served by respondent under original sen-
tence does not constitute confinement. For purposes of section 241(a)(4)
an alien has not been "confined" unless his incarceration has been pursuant
to an existing sentence to confinement.

CHARGES:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted
of crime—Sentenced to confinement for year or more. (First
Charge)

Lodged: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted
of crime—Confined therefor for a year or more. (Second Charge)

BEFORE THE BOARD
(March 31, 1961)

DISCUSSION: The special inquiry officer terminated proceedings
and certified the case; the examining officer also filed an appeal and
has submitted a helpful brief. No change will be made in the special
inquiry officer's order.

Respondent, a 24-year-old single male, native of England and citi-
zen of Great Britain, last entered the United States in June 1954.
On July 10, 1958, he was convicted in a circuit court in Michigan
for breaking and entering in the nighttime and was sentenced to
imprisonment for a term of 18 months to 15 years; he was confined
from July 14, 1958, to August 3, 1959. On July 30, 1959, the same

380

court directed that a new trial be granted and that respondent be released from custody; on August 17, 1959, the court on a plea of guilty entered an order placing respondent on probation for a period of 10 months. The effect of these orders is in issue.

Deportation is sought under that portion of section 241(a)(4), Immigration and Nationality Act, requiring the deportation of an alien who—

is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more * * *.

The special inquiry officer did not sustain either charge. As to the first charge, which requires the Service to establish the existence of a sentence *for a year or more*, the special inquiry officer held that the only binding sentence was the one *to probation*. As to the second charge, the special inquiry officer ruled that confinement must be the result of a *sentence* to confinement for a year or more, and that since the only sentence here was not to confinement at all the charge could not be sustained.

The Service contends that no effect should be given to the second sentence of the court, and that the revoked sentence to 18 months or more given at the first trial is the controlling one in this deportation proceeding. The Service relies upon *United States ex rel. Piperkoff* v. *Esperdy*, 267 F.2d 72 (C.A. 2, 1959), which involved section 241(b) of the Immigration and Nationality Act, 8 U.S.C. 1251(b). This section, which is not involved here, provides that a court may relieve a convicted alien from liability to deportation by making a recommendation against his deportation at the time of first imposing judgment or passing sentence. This provision concerns a purely federal matter; for a recommendation under it to be effective, there must be strict compliance with the section. However, the section is not applicable where a recommendation against deportation is not involved, and the section no more requires us to ignore the valid order of a court, although modification of its judgment relieves an alien from liability to deportation, than it would require us to ignore an original order sentencing an alien liable to greater punishment to imprisonment of only 11 months, when the court states that its action is taken to prevent the possibility that the alien may be deported (*Matter of G—*, 9—159; *Matter of J.—*, 6—562).

In support of its position, the Service cites two cases as setting up a federal standard which requires us to ignore the second order of the court and give credit only to the first. It is sufficient to say that a similar argument involving the same cases was rejected by the Attorney General (*Matter of G—*, 9—159). Other cases cited by the Service are distinguishable. *Matter of A—F—*, 8—429, is confined.

381

to narcotic cases (*Matter of G*, *supra*). *Matter of L—*, 8—389, concerns a section of law which does not involve a sentence to confinement. In *Matter of C—*, 8—276, the action of a court changing a sentence was expressly recognized.

The record does not show that the court was without jurisdiction to enter the second order; the order is, therefore, not subject to collateral attack in these proceedings. Nothing is presented in this record which would indicate that the State of Michigan would refuse to give recognition to the court's order of August 17, 1959. Under these circumstances, the order must be given full faith and credit (*Matter of P—*, 3—187; *Matter of G—*, 1—96 (Atty. Gen., 1942) ; *Matter of J—*, 6—562; see *Matter of V—*, 7—577; 15 Am. Jur., Cr. Law, section 504). We believe that it was proper for the special inquiry officer to dismiss the first charge.

We come now to the Service contention that the alien is deportable because he has been confined for a year or more. Prior to the Immigration and Nationality Act, a person confined for a year or more but not under a "sentence to imprisonment" was not deportable (*Matter of P—*, 3—187).[1] The term "sentenced to imprisonment" was one of art meaning one actually *confined* under a sentence to imprisonment for a year or more (*Berman* v. *Reimer*, 123 F.2d 331 (C.A. 2, 1940) ; *United States ex rel. Robinson* v. *Day*, 51 F.2d 1022 (C.A. 2, 1931)). The term "sentenced to confinement" which supplanted it in the Immigration and Nationality Act would, without more, seem to call for actual confinement; however, the phrase "or confined" added to it was made authority for eliminating the necessity of actual confinement.[2]

The necessity for actual confinement was eliminated because if the phrase "sentenced to confinement" were interpreted as requiring actual confinement, it would have merely duplicated the meaning of the "or confined" phrase which followed it, thus resulting in a situation where each phrase would have provided for the deportation of an alien confined under a sentence to confinement. The first phrase was, therefore, given the meaning apparent upon its face and

---

[1] A person may have been confined for a year or more, although there is no sentence to such confinement where after he had served a year or more the court ordered a new trial and resentenced him to less than a year (*Matter of P—*, 3—187) ; a person refused bail may be so confined while awaiting trial and final disposition of conviction; or he may be confined for a year as a condition of probation although this is not considered a sentence to confinement by the state court (*Matter of F—*, 1—343).

[2] Prior to the Immigration and Nationality Act, the phrase read "sentenced to imprisonment." The word "confinement," a broader term, was apparently substituted to cover a detention in a "corrective institution" as well as a prison (*United States ex rel. Rizzio* v. *Kenney*, 50 F.2d 418 (D.C. Conn., 1931), illustrates the problem).

sentence to confinement, not followed by confinement, was declared a basis for deportation (*Wood* v. *Hoy*, 266 F.2d 825 (C.A. 9, 1959); *Arrellano-Flores* v. *Hoy*, 262 F.2d 667 (C.A. 9, 1958); *United States ex rel. Fells* v. *Garfinkel*, 158 F. Supp. 524 (W.D. Pa., 1957), aff'd 251 F.2d 846 (C.A. 3, 1958); *Matter of O—*, 7—539, 545-548; *Matter of M—*, 6—346; *Matter of J—*, 6—562, 568).

Because the words "sentenced to confinement" no longer required a confinement, a new class of aliens became subject to deportation— those who had been given a suspended sentence to a year or more (the alien who had been confined under a sentence to a year or more remained deportable). To these two classes of deportable aliens, the examining officer would add a third class—a class, it must be noted, which was not deportable under laws previous to the Immigration and Nationality Act. In the third class would fall the alien confined for a year or more *although he had not been sentenced to such confinement*. We do not think the law authorizes the creation of this third class.

We believe that the examining officer's interpretation must be rejected because it is in conflict with precedents holding that a suspended sentence makes an alien deportable. This is the conflict. We have already explained that the words "sentenced to confinement" standing alone are words of art requiring confinement, and that they are now deprived of their added meaning by the fact that they would otherwise have merely duplicated the alternative "or confined," each phrase providing for the deportation of an alien confined under a sentence to confinement. It was, therefore, reasonable to conclude that the first clause was no longer to be considered one of art but was meant to be taken at face value, *i.e.*, that a sentence without confinement (a suspended sentence) was sufficient. If now, the "or confined" clause is given a meaning which is compatible with requiring the alien "sentenced to confinement" to be confined (that a confinement for a year without a sentence to such confinement is sufficient), then it would be improper to interpret the "sentenced to confinement" phrase as not requiring confinement, for this would violate well-established precedent. Then, if the first clause would still require an alien to be confined under a sentence to confinement, a suspended sentence would be eliminated as a ground of deportation; however, it would be improper to do this because such elimination would be in conflict with judicial decisions which hold that a suspended sentence is sufficient. As long as the courts require the first phrase to include a suspended sentence, it would be improper to construe the second clause as is now suggested. Moreover, a Congressional comment appears to envision the existence of a sentence to confinement to make an alien deportable. In com-

383.

menting on the language in question, a Senate Report summarizes it as requiring the deportation of "Aliens who, within five years of entry, are convicted of a crime involving moral turpitude and sentenced to confinement for a year or more" (p. 21, S. Rept. No. 1137, 82d Cong., 2d Sess.).

We find that a sentence to confinement must exist before an alien may be found deportable under that part of section 241(a)(4) with which we have been concerned. (See, *Matter of N—*, 8—660; *Matter of V—*, 8—360.)

ORDER: It is ordered that the appeal of the examining officer be and the same is hereby dismissed.

*It is further ordered* that no change be made in the order of the special inquiry officer.

BEFORE THE BOARD
(July 26, 1961)

DISCUSSION: By order dated March 31, 1961, the Board held that the special inquiry officer had properly terminated proceedings. The Service moved to vacate the order or, in the alternative, for reopening of proceedings so that an additional charge may be lodged.

Respondent, a 24-year-old single male, a native and citizen of Great Britain, last entered the United States in June 1954. On July 10, 1958, he was convicted in a circuit court in Michigan of a crime involving moral turpitude and was sentenced to imprisonment for a term of 18 months to 15 years. He was confined under that order from July 14, 1958, to August 3, 1959. On July 30, 1959, the court directed a new trial be granted and that respondent be released from the custody of the Corrections Department and returned to the custody of the sheriff "pending trial." On August 17, 1959, the court on respondent's plea of guilty entered an order placing him on probation for a period of ten months from the date of the new order. The issues before us were (1) whether respondent had been sentenced to confinement for a year or more; and (2) whether a person who has served a period of more than a year is deportable although a sentence to confinement does not exist in his case. We held that since the only binding sentence had been one to probation for a period of ten months, respondent was not deportable on the first charge which required a sentence to a year or more. We held that respondent was not deportable on the second charge for no such charge was authorized by law.

The Service is of the belief that the original sentence to 18 months or more was not vacated but was only modified, and that the modification is prospective affecting only the portion of the original confinement not served, so that it may be said that a sentence to a year or more exists. It seems to us that whether the action of

384

the court is a modification of the first sentence or not the only sentence existing is one to less than a year, and that is controlling. Moreover, we view the second order of the court not as a modification of sentence, but rather as the entry of a new sentence. The court could grant a new trial and enter a new sentence, but it was without authority to reduce a sentence after it had been partly served (*People* v. *Fox*, 20 N.W.2d 732). Moreover, it is well established that the grant of a new trial vacates the judgment (*Caine* v. *Collins*, 166 A.2d 675; *Gonzales* v *Trujillo*, 291 P.2d 1063; *In re Doelle*, 35 N.W.2d 251). We must conclude that the court here did what it said it was doing—granting a new trial which was followed by a sentence. The existing sentence which must be recognized by this Board is the one to probation for a period of ten months. Such a sentence does not satisfy the requirement of the law that there be a sentence to confinement for a year or more. The first charge clearly is not sustained.

The Service motion holds that a convicted alien who has been confined for a year is deportable even though the confinement was not under a sentence to confinement.[1] We have dealt fully with this contention in our original order. It appears unnecessary to repeat the reasons for our belief that confinement must be under a sentence to confinement and the language in question interpreted in the light of history provides for deportation of two classes of aliens (the alien who has received a suspended sentence and the alien confined for some period of time under a sentence to confinement for a year or more) and cannot bear the additional class the Service is attempting to add (*United States ex rel. Fells* v. *Garfinkel*, 158 F. Supp. 524 (W.D. Pa.), aff'd 251 F.2d 846 (C.A. 3, 1958); *Burr* v. *Edgar*, 292 F.2d 593 (C.A. 9, 1961); *Holzapfel* v. *Wyrsch*, 259 F.2d 890 (C.A. 3, 1958); see *Wood* v. *Hoy*, 266 F.2d 825 (C.A. 9, 1959), and *Arrellano-Flores* v. *Hoy*, 262 F.2d 667 (C.A. 9, 1958); *Tadashi Miyaki* v. *Robinson*, 257 F.2d 806 (C.A. 7, 1958), cert. den. 358 U.S. 894; *Matter of N—*, 8—660; *Matter of V—*, 8—360; *Matter of V—*, 7—577; *Matter of O—*, 7—539, 545-548; *Matter of M—*, 6—346; *Matter of J—*, 6—562, 568).

*Matter of M—*, 6—346, upon which extensive reliance is placed by the Service, concerned only the issue as to whether a person convicted and sentenced but not confined (a suspended sentence) was deportable. We decided that the words "sentenced to confinement," unlike a similar phrase in previous laws which did require confinement, was qualified by the use of the words "or confined" so as to make a conviction and sentence to confinement with-

---

[1] The Service statement of section 241(a)(4) of the Immigration and Nationality Act, found in footnote 1 on page 3 of its motion, supplies a comma where none is present in the law.

out actual confinement sufficient as, of course, a sentence and conviction followed by confinement continued to be. The issue involved here was absent in that case, but the language used there instead of being inconsistent with that of our original order in this case is, in our opinion, merely restated by us.

The motion states that the Board's interpretation raises constitutional problems. We have merely recognized what is provided for by state procedure. If a constitutional problem exists, it is not within our sphere. Other matters raised by the Service are either not material or are answered by the original order.

The motion reveals that on October 10, 1960, respondent was convicted for felonious assault with a deadly weapon. The Service charges that his conviction involves moral turpitude and respondent is now deportable under that portion of section 241(a)(4) which requires the deportation of an alien convicted after entry of two crimes involving moral turpitude. The Service is apparently desirous of lodging this new charge in the event we do not sustain the charges now of record. We shall, therefore, order reopening of proceedings for this purpose and for such further action as the special inquiry officer shall deem appropriate.

ORDER: It is ordered that the motion for reconsideration be and the same is hereby denied.

*It is further ordered* that proceedings be reopened for the purposes heretofore stated.