## MATTER OF SANTORO

In Deportation Proceedings

A-12813895

*Decided by Board May 13, 1966*

A conviction of mayhem, as defined in Title 11, chapter 29, section 1, of the General Laws of Rhode Island, is conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Crime within five years—mayhem.

This case is before us on appeal from a decision of a special inquiry officer directing the respondent's deportation.

The respondent is a 30-year-old married male, native and citizen of Italy, who entered the United States on September 15, 1962 at which time he was admitted for permanent residence. On November 25, 1964, he was convicted of mayhem in the Superior Court of Rhode Island and on August 11, 1965 he was sentenced to confinement in the Adult Correctional Institution for five years but execution of the sentence was suspended and he was placed on probation for eight years. The offense was committed on March 8, 1963. The sole issue in this case is whether the respondent is deportable on the charge stated above.

We have carefully reviewed the entire record. The reverse of the notice of appeal (Form I-290A) contains the only argument which has been made by counsel. The principal contentions are: (1) that mayhem, as defined by the law of Rhode Island, is not a crime involving moral turpitude; (2) that, in determining whether the crime committed by the respondent involved moral turpitude, the mitigating circumstances must be considered; and (3) that the respondent has not been actually sentenced to imprisonment for one year because a lesser sentence might be imposed in the future.

With respect to the first contention, the indictment (Ex. 3) charged that the respondent "feloniously, voluntarily, maliciously

and of purpose did bite off and disable a member of Nancy Santoro, to wit, the nose of the said Nancy Santoro." Title 11, Chapter 29, Section 1 of the General Laws of Rhode Island defines the crime of mayhem as follows:

> 11—29—1. Penalty for mutilation or disabling.—Every person who shall voluntarily, maliciously or of purpose put out an eye, slit the nose, ear or lip, or cut off or bite off or disable any limb or member of another, shall be imprisoned not exceeding ten (10) years nor less than one (1) year.

It is clear that an accidental or even a negligent mutilation or disabling would not constitute the offense of mayhem. The statute specifically requires that the act be done "voluntarily, maliciously or of purpose". In view of the evil intent required to constitute mayhem and the serious nature of the crime, we conclude that the crime of which the respondent was convicted involves moral turpitude.

In connection with counsel's second contention, Exhibit 4 is a letter from the Rhode Island Bureau of Probation and Parole indicating that the respondent has complied with the conditions of his probation; that he "would be considered a model probationer"; and that the crime was brought about by a domestic situation that had mitigating circumstances. Nancy Santoro, who was the victim of the crime, was and is the respondent's wife. She had corresponded with the respondent and then went to Italy to marry him. Thereafter, she filed a visa petition and he secured nonquota status. The respondent testified that, although he had repeatedly sought to have sexual intercourse with his wife, she had continued to refuse, and that it was this factor which finally led to his commission of the offense. It is unnecessary for us to decide to what extent his wife's action may have been a mitigating circumstance since it has long been settled judicially that the immigration authorities may not go behind the record of conviction to examine the circumstances under which the crime was committed, and the determination of whether the crime involves moral turpitude must be made on the basis of the statutory definition of the crime and the record of conviction. *United States ex rel. Zaffarano v. Corsi*, 63 F.2d 757 (2d Cir., 1933); *United States ex rel. Meyer v. Day*, 54 F.2d 336, 337 (2d Cir., 1931); *United States ex rel. Robinson v. Day*, 51 F.2d 1022 (2d Cir., 1931). Accordingly, counsel's second contention is dismissed.

Counsel's third contention is that the respondent has not been actually sentenced to imprisonment for one year because a lesser sentence might be imposed in the future. This contention is based on Title 12, Chapter 19, Section 14 of the General Laws of Rhode Island which provides, in effect, that where there has been suspen-

sion of execution of sentence and violation of probation, the court may continue the suspension or may revoke the suspension and order the defendant committed on the sentence previously imposed or any lesser sentence. As we have previously indicated, the sentence imposed was confinement for five years with execution of the sentence suspended and probation for eight years. If the respondent violated his probation, it appears highly conjectural that the court would then impose a sentence of less than one year. In any event, we must dispose of the appeal on the basis of the present record and not on the basis of some future contingency which may or may not occur. Accordingly, we reject this contention of counsel.

An additional matter, which was not specifically urged on appeal, is that the respondent was not actually imprisoned under the conviction since execution of the sentence was suspended. As the special inquiry officer pointed out, we have held that an alien who was sentenced to imprisonment for over one year but whose sentence was wholly suspended was, nevertheless, deportable under 8 U.S.C. 1251(a)(4). *Matter of M—*, 6 I. & N. Dec. 346 (1954). The special inquiry officer has also discussed his reasons for concluding that no discretionary relief from deportation is available to the respondent, and we concur in his conclusion. In view of the foregoing, the appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.