648

THE PEOPLE, Respondent, v. LEON T. PAYTON,
Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and William E.
James, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.   De-
fendant was charged by information in two counts with
issuing checks without sufficient funds.   It was also alleged
that defendant had been convicted twice before of a similar
offense and had served a term therefor in the state prison.

The trial was by the court without a jury.   The issue was
by stipulation submitted on the preliminary examination trans-
cript.   The defendant admitted the two priors and the con-
finement in the state prison.   Defendant was adjudged guilty
as charged.

The witness Gloria Moore, a cosmetic buyer for a drug
company, cashed one of the checks.   The witness testified.

"A. I questioned the check before I cashed it because I couldn't read the signature.

"Q. You didn't believe the check was any good, is that right? A. No, I didn't think so.

"Q. You didn't believe it was any good? A. No, I didn't."

The other witness, Fay Henderson, a clerk in a retail store, testified with regard to the other check.

"A. I don't remember as it was put through the bank because I spoke to the manager who O.K.'d it. I refused to cash the check myself. I sent him to the manager.

"Q. And he O.K.'d it? A. After the manager O.K.'d it, I have nothing to do but do as he says.

"Q. And you cashed it? A. I cashed it."

It is contended on appeal that "the evidence is insufficient to sustain the judgment." It is argued in support thereof that the element of fraud is lacking. That, "Fraud implies a promise on a material matter relied upon by the person who is being defrauded and who has a right to rely upon the misrepresentation. In the present case there was reliance by the persons defrauded but obviously they had no right to rely upon the implied representation that the check was good."

Appellant's contention and argument lack support in the record and in the law. ██ As pointed out by respondent, "The intent to defraud, which admittedly is the gist of the offense, must in most cases if not in all cases, be proven by the circumstances surrounding the transaction in question. From the evidence adduced by the People, the trial court was justified in drawing the inference that the appellant intended to defraud the witness Moore and witness Henderson when he drew his checks on the dates in question and gave them to the two women with knowledge that he did not have sufficient funds in the bank."

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.