Donald Thomas BURR, Appellant,

v.

A. E. EDGAR, Officer in Charge of the United States Immigration and Naturalization Service, Appellee.

No. 16999.

United States Court of Appeals
Ninth Circuit.

July 6, 1961.

594

Edgar G. Langford, J. Perry Langford, San Diego, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Donald A. Fareed and Carla A. Hills, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and WALSH, District Judge.

WALSH, District Judge.

Appellant Burr, an alien, entered the United States on October 8, 1946. On March 20, 1951, in the Superior Court of the State of California, County of Los Angeles, he was convicted upon his plea of guilty of the offense of issuing an insufficient funds check, a crime which, it is not disputed, involved moral turpitude. On May 9, 1951, proceedings as to the charge were suspended and appellant was granted probation for a period of ten years on condition that he serve ten months of his probationary period in jail and that he make restitution.

On May 15, 1959, Burr's probation was revoked, he was sentenced to serve a term of one year in the County Jail of Los Angeles County, and he was remanded to the custody of the Sheriff of Los Angeles County to serve his sentence. Thereafter, proceedings looking to appellant's deportation were instituted by the Immigration and Naturalization Service and, following hearing, it was determined that appellant was deportable under § 241(a) (4) of the Immigration and Nationality Act of June 27, 1952 [8 U.S.C.A. § 1251(a) (4)] [1] as an alien who had been "convicted of a crime involving moral turpitude committed within five years after entry and sentenced to confinement therefor in a prison for a year or more, to-wit, issuing a check without sufficient funds with intent to cheat and defraud in violation of Section 476(a) of the Penal Code of California." Pursuant to this determination, a warrant of deportation issued.

Burr then filed in the United States District Court for the Southern District of California a petition for a writ of habeas corpus challenging the order of deportation. On May 27, 1960, following hearings wherein appellant contended that, because he had actually been required to serve only about ten months in jail, his sentence was not a one-year sentence, the court below made findings as to appellant's deportability consonant with those of the immigration authorities, and accordingly, discharged the writ and remanded appellant to the custody of the Immigration and Naturalization Service. Appellant, by timely notice, appealed to this court from the orders of the court below.

The district court had jurisdiction of the petition for a writ of habeas corpus under the provisions of § 2241, Title 28, United States Code; and this court has jurisdiction of the appeal pursuant to § 2253, Title 28, United States Code. The sole question presented to us in the case is whether the district court erred in finding and determining that appellant "was sentenced to confinement * * * in a corrective institution for a year."

Appellant contends here that since certain provisions of the California Penal Code [2] allowing deductions from

1. In pertinent part, the statute provides:

"(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who * * *

"(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more * * *."

2. West's Annotated California Codes, Volume 51, §§ 4019 and 4019.2, providing:

"§ 4019. Good behavior time credit.
"For each month in which a prisoner confined in a county jail, industrial farm

the period of incarceration for good conduct and work performance made possible his release prior to serving a full year in prison, his sentence must be held to have been less than one year and, therefore, he is not deportable under the statute.[3] In other words, appellant argues that in determining deportability under § 241(a) (4) of the Immigration and Nationality Act of 1952, the length of time spent in prison is the decisive factor, even though the alien upon conviction was sentenced to a term of one year or more. This position, we find, is at variance both with the language of the statute and the cases which have construed it.

In United States of America ex rel. Fells v. Garfinkel, D.C.W.D.Pa.1957, 158 F.Supp. 524, 525, affirmed 3 Cir., 251 F.2d 846, Fells, an alien, had been convicted for the offense of issuing bank checks with intent to defraud, and sentenced to a term of one year in the county jail. The sentence was suspended and Fells was placed on probation, but thereafter he was ordered deported from the United States under the terms of § 241 (a) (4) of the 1952 Immigration and Nationality Act. In passing upon Fells' contention that the deportation order was invalid because his sentence was suspended and he had not been actually imprisoned for a year or more, the court said:

"The cases cited by petitioner involved the construction of Section 19 of the Immigration Act of 1917 (8 U.S.C. § 155) which provided for the deportation of aliens who had been 'sentenced to imprisonment for a term of one year or more.' The courts in these cases held that Section 19 required actual imprisonment for a year or more as a ground for deportation and that a suspended sentence was not sufficient.

"[1, 2] In enacting the Immigration and Nationality Act in 1952, Congress changed the language of this section. As quoted above, Section 241 of the Act provides for the deportation of an alien who has been 'either sentenced to confinement or confined therefor' for a year or more. The quoted language of Section 241 by including the term 'confined' in the disjunctive indicates an intention to differentiate and further specify the meaning of the term 'sentenced to confinement' so as to include those sentences under which there is no actual imprisonment. The cases cited by petitioner are inapplicable under the language of present Section 241."

"§ 4019.2 Work performance time credit.

"For each month in which a prisoner confined in or committed to a county jail, industrial farm or road camp has satisfactorily performed his assigned work, as reported and recorded by the officer in charge, five days shall, with the consent of the board of supervisors or the county board of parole commissioners, be deducted from his period of confinement. The deduction allowed pursuant to this section shall be granted regardless of whether or not a deduction is made pursuant to Sections 4018, or 4019, but no prisoner shall be granted a total deduction under these sections in excess of 10 days for any single month."

3. Footnote 1.

or road camp or any city jail, industrial farm or road camp under a judgment of imprisonment, or in which a prisoner confined in the county jail, industrial farm or road camp, or any city jail, industrial farm or road camp as a condition of probation after suspension of imposition of a sentence or suspension of execution of sentence, in a criminal action or proceeding, appears, by the record, to have given a cheerful and willing obedience to the reasonable rules and regulations established by the county board of parole commissioners for the conduct of such prisoners, and that his conduct is reported by the officer in charge of the jail, industrial farm or road camp to be positively good, five days shall, with the consent of the county board of parole commissioners, be deducted from his period of confinement."

**596**

In Wood v. Hoy, 9 Cir., 266 F.2d 825, 827, construing § 241(a) (4) of the 1952 Immigration and Nationality Act, we stated:

"The 1952 change in the Act defined a deportable alien in terms specifically not requiring the serving of a sentence. If Congress had meant to restrict the applicability of the Act to only those aliens who are convicted and required to serve a sentence, it could have said so very easily. The predecessor statute (8 U.S.C. § 155) did require the serving of a sentence. Fong Haw Tan v. Phelan, 1948, 333 U.S. 6, 68 S.Ct. 374, 92 L.Ed. 433; Jordan v. De George, 1951, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886. The fact that this provision of the Act was deleted indicates that it is not a requirement."

Petsche v. Clingan, 10 Cir., 1960, 273 F.2d 688, 691, is also in point. There the alien, Petsche, had been given an indeterminate sentence of up to ten years and had actually been confined seven months and five days. In holding that the sentence was for confinement for a year or more, notwithstanding the lesser period actually served, the court used this language:

"In deportation cases it has been held that when the maximum imprisonment possible for the offense is more than one year, an indeterminate sentence is for a year or more even though no term is mentioned in the sentence. The rule applies even though the period of actual confinement is for less than one year because § 241(a) (4) applies when there is either sentence or confinement for a year or more."

■ We think it clear that to be deportable under § 241(a) (4) of the Immigration and Nationality Act of June 27, 1952, it is required only that the alien be sentenced to imprisonment for one year or more; and it is not necessary that actual confinement for a year or more, or indeed, any actual confinement, occur pursuant to the sentence. Appellant was sentenced to a year in the county jail for a crime involving moral turpi-

tude committed within five years after his entry into the United States. Consequently, he is deportable under the provisions of § 241(a) (4); and the judgment of the district court is affirmed.