Donald Thomas BURR, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 19707.

United States Court of Appeals
Ninth Circuit.

Aug. 2, 1965.

---

Richard Stanley Henderson, San Diego, Cal., for petitioner.

Manuel L. Real, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Sec., James R. Dooley, Asst. U. S. Atty., Asst. Chief of Civil Sec., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before BARNES and KOELSCH, Circuit Judges, and CRAIG, District Judge.

BARNES, Circuit Judge.

Petitioner has filed in this court a "Petition to Review and Set Aside Deportation Order" dated November 19, 1964, praying "that the Order of Immigration [sic] be set aside and vacated and Petitioner be granted such further relief as may be just and proper in the premises." This court has original jurisdiction of the cause pursuant to Section 106(a) of the Immigration and Nationality Act, 75 Stat. 651, 8 U.S.C.A. § 1105a(a).

Petitioner, an alien, is a native and citizen of Canada. On October 8, 1946, he entered the United States. On March 20, 1951, in the Superior Court of the State of California, County of Los Angeles, he was convicted upon his plea of guilty of the offense of issuing a check with insufficient funds. On May 9, 1951, sentence was suspended and petitioner was granted probation for a period of ten years on condition that he make restitution and serve ten months of his probationary period in jail, the probationary period to run concurrently with the probationary period in another case.

On May 15, 1959, petitioner's probation was revoked, he was sentenced to serve a term of one year in the Los Angeles County Jail in each case, to run concurrently, and he was remanded to the custody of the Sheriff of Los Angeles to serve his sentence. Thereafter, proceedings looking to petitioner's deportation were instituted by the Immigration and Naturalization Service, and, following hearing, it was determined that petitioner was deportable under Title 8, United States Code, Section 1251(a) (4) as an alien who had been convicted of a crime involving moral turpitude (issuing insufficient funds check with intent to cheat and defraud) committed within five years after entry and who had been sentenced to confinement therefor for a year or more. A warrant of deportation issued on July 6, 1959.

Petitioner filed a petition for writ of habeas corpus. The petition was discharged by the United States District Court on May 27, 1960, and the judgment of the district court was affirmed on July 6, 1961. Burr v. Edgar, 292 F.2d 593 (9th Cir. 1961).

Petitioner again entered the United States on or about January 7, 1963. Proceedings looking to petitioner's deportation were again instituted by the Immigration and Naturalization Service and, following hearing, it was determined that petitioner was deportable under Title 8, United States Code, Sections 1251(a) (2) and 1252(f) as an alien who had unlawfully reentered the United

States after having previously been deported pursuant to an order of deportation by reason of having been convicted of a crime involving moral turpitude, etc. Pursuant to this determination, petitioner's deportation was ordered on August 3, 1964. Petitioner appealed the decision of the special inquiry officer to the Board of Immigration Appeals, United States Department of Justice, and on October 28, 1964, said Board ordered petitioner's appeal dismissed. A petition to review and set aside the deportation order was filed in this court.

We adopt the statement of issues presented by respondent in restating those raised by petitioner. They are:

"1. May petitioner raise defenses in the 1964 deportation hearing which defenses could have been raised in the 1959 deportation hearing but were not then raised?

"2. Would petitioner become nondeportable if the 1959 deportation proceedings are rendered void?

"3. Is the reference to 'crime' in 8 U.S.C.A. 1251(a) (4) limited to felony offenses only?

"4. Is a county jail a 'prison or corrective institution' as the term is used in 8 U.S.C.A. 1251(a) (4)?

"5. Does the one-year provision of 8 U.S.C.A. 1251(a) (4) deny due process of law or constitute cruel and unusual punishment?

"6. Was the original deportation proceeding void as a result of failure to provide counsel?"

We consider each of these points in turn, as well as others inferentially raised by petitioner.

## I. COLLATERAL ATTACK.

Petitioner seeks to collaterally attack the 1959 deportation order by raising a new defense that was not raised in 1959, nor in the appeal based upon the 1959–61 proceedings.

Section 1105a(c) of Title 8, United States Code, provides as follows:

"No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order."

We agree with the respondent that under subsection (c), supra, there may be no petition for review of the 1959 proceedings, which ended in an unsuccessful appeal to this court, unless the grounds newly presented "could not have been presented" in the 1959 proceedings or the remedy was "inadequate or ineffective." Mai Kai Fong v. Immigration & Naturalization Service, 305 F.2d 239 (9th Cir. 1962).

Under the circumstances here present we do not agree with petitioner's effort to leap from the inapplicability of res adjudicata to habeas corpus proceedings after convictions for crime (Sanders v. United States, 373 U.S. 1, 8, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)) to the inapplicability of res adjudicata to deportation cases. If such an expansion of the application of res adjudicata is to be made, it should be made by Congress, or the Court of ultimate authority, not by this court, and we decline to approve such a drastic change in the position we have heretofore taken, particularly where the contrary congressional intent is clearly expressed in 8 U.S.C. § 1105a(c). Mai Kai Fong v. Immigration & Naturalization Service, supra, 305 F.2d at 241; De Souza v. Barber, 263 F.2d 470 (9th Cir.), cert. denied 359 U.S. 989, 79 S. Ct. 1118, 3 L.Ed.2d 978 (1959).

The majority opinion in Jordan v. De George, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886, reh. denied 341 U.S. 956, 71 S.Ct. 1011, 95 L.Ed. 1377 (1951), recognized, as we do here, that "deportation is a drastic measure." We would not consider petitioner's return to Canada two years after an unlawful entry the same "savage penalty" envisaged by the minority opinion in Jordan v. De George,

supra, requiring a return to Italy twenty-nine years after a lawful entry. We do not think we should for purely personal humanitarian reasons extend the law contrary to express congressional intent and enactment.

## II. WOULD PETITIONER BECOME NONDEPORTABLE UNDER CALIFORNIA "EXPUNGEMENT OF CONVICTION" PROCEDURES?

Petitioner first asserts his conviction was of a misdemeanor. We do not agree. (See III, post.)

■ Petitioner secondly asserts that an alien whose conviction is later expunged has not "been convicted"—relying on a 1960 ruling—In the Matter of G., 9 I. & N.Dec. 159.

We have recently ruled three times to the contrary. Garcia Gonzales v. Immigration & Naturalization Service, 344 F. 2d 804 (9th Cir. 1965); Ramirez-Villa v. Immigration & Naturalization Service, 9 Cir., 347 F.2d 985, decided June 29, 1965; Kelly v. Immigration & Naturalization Service, 9 Cir., 349 F.2d 473, decided June 29, 1965. What we stated in those cases applies equally to the present case.

## III. 8 U.S.C. § 1251(a) (4) REFERS ONLY TO FELONIES.

■ This assertion of petitioner is contrary to the language used by Congress. Section 1251(a) of Title 8, United States Code, provides for deportation of convicted aliens who have been "sentenced to confinement or confined * * in a prison or corrective institution, for a year or more." We must assume Congress used the language it intended to use. It did not use language similar to that used in 18 U.S.C. § 1407, with respect to convictions for narcotic felonies.

■■ Furthermore, we cannot concede, as petitioner urges, that under California law petitioner's "conviction was a misdemeanor." Petitioner was convicted of violating California Penal Code § 476a. By its terms one so convicted may be sentenced to "not more than one year in jail, or not more than 14 years in state's prison." Thus the crime is punishable by either sentence. And a felony in California "is a crime punishable by state's prison sentence," (emphasis added) and not one punished by a state's prison sentence. Penal Code § 17. People v. Boyce, 99 Cal.App.2d 439, 221 P.2d 1011 (1950).

■ Moreover, under the same reasoning adopted by this court in passing upon the effect of a state's expungement of conviction, we believe § 1251(a) (4), a federal statute, was intended to have a uniform application. (See Kelly v. Immigration & Naturalization Service, supra.) The effect of this federal statute will not be made to depend upon the niceties and nuances of a state procedure.

## IV. "PRISON OR CORRECTIVE INSTITUTION" MEANS "PRISON" AS OPPOSED TO "COUNTY JAIL."

■ If this interpretation of the term "prison or corrective institution" were true, as petitioner suggests, there would have been no need for Congress to have inserted both words, joined by the disjunctive "or." We were satisfied in Burr v. Edgar, supra, 292 F.2d at 594, that petitioner was sentenced to a "corrective institution," relying on United States ex rel. Fells v. Garfinkel, 158 F.Supp. 524 (W.D.Pa.1957), aff'd 251 F.2d 846 (3d Cir. 1958), which involved a one year sentence to a county jail.

We are satisfied that our former ruling was correct; and it has become, and now is, the law of the case.

## V. "DUE PROCESS" and "CRUEL AND UNUSUAL PUNISHMENT."

■ The penalty here involved is no more cruel or unusual to petitioner than is any disparate sentence to any one of two or more unfortunates convicted of similar, but different crimes. Nor does it involve any deprivation of due process. Petitioner can cite no case in support of his novel argument, and we know of none.

Deportation is, of course, not a punishment.[1] It is a penalty. Any confinement can be considered a severe penalty, and any severe penalty can be considered cruel. But that does not make *any* confinement for violation of law per se a "cruel and unusual punishment," falling within constitutional prohibitions.

## VI. DOES PETITIONER'S FAILURE TO HAVE COUNSEL RENDER THE ORIGINAL DEPORTATION PROCEEDING VOID?

Petitioner *failed* to have counsel at his original hearing. Petitioner was not denied counsel. He was granted a continuance from June 24, 1959 to July 1, 1959, in order to obtain counsel of his choice. He then stated he was willing to proceed without counsel (R.T. 36).[2] The hearing officer was under no duty to appoint counsel. He was not permitted by law to pay fees for petitioner's representation by counsel (8 U.S.C. § 1252(a)(2)), or order the government to do so. Thus petitioner proceeded without counsel, but was never denied counsel.

1. "The order of deportation is not a punishment for crime. It is not a banishment, in the sense in which that word is often applied to the expulsion of a citizen from his country by way of punishment. It is but a method of enforcing the return to his own country of an alien who has not complied with the conditions upon the performance of which the government of the nation, acting within its constitutional authority and through the proper departments, has determined that his continuing to reside here shall depend. He has not, therefore, been deprived of life, liberty, or property, without due process of law; and the provisions of the constitution, securing the right of trial by jury, and prohibiting unreasonable searches and seizures, and cruel and unusual punishments, have no application." Fong Yue Ting v. United States, 149 U.S. 698, at 730, 13 S.Ct. 1016, at 1028, 37 L.Ed. 905 (1892).
See also: Soewapadji v. Wixon, 157 F. 2d 289, 290 (9th Cir. 1946), cert. den. 329 U.S. 792, 67 S.Ct. 369, 91 L.Ed. 678.

2. The exact language and series of events was as follows:
"INQUIRY OFFICER: * * * the hearing in this proceeding was originally

Petitioner's right to counsel, even in a criminal case, is not absolute. He cannot "'obstruct an orderly procedure in courts of justice.'" Lee v. United States, 98 U.S.App.D.C. 272, 235 F.2d 219, 221 (D.C.Cir. 1956); Releford v. United States, 288 F.2d 298, 301 (9th Cir. 1961).

## VII. RIGHT TO APPEAL.

Petitioner, contrary to his assertion, was not *denied* the right of appeal any more than in any case where one *waives* his right to appeal. Such a waiver is conceded in petitioner's brief (p. 21) and the record substantiates the fact (Tr. 41).

## VIII. MORAL TURPITUDE.

Petitioner likewise urges that he was not convicted of a crime involving moral turpitude. The cases hold he was. Crimes in which fraud is an ingredient have always been regarded as involving moral turpitude. Jordan v. De George, 341 U.S. 223, 227–229, 71 S.Ct. 703, 95 L.Ed. 886 (1951), citing state decisions (n. 13), particularly Bancroft v. Board

commenced on June 24th, 1959, and * * * adjourned this date [July 1, 1959] at your request, to afford you an opportunity to retain counsel. I have familiarized myself with the record in this proceeding and am prepared to conduct it. Will that be satisfactory to you?
"A. Yes, Sir.
"Q. During the adjournment have you arranged to retain counsel?
"A. I have corresponded with them, but I have not received an answer, Sir.
"Q. Are you willing to proceed with your hearing, at this time, without counsel?
"A. Yes, Sir."
(Tr. 36)
This presents a case where there has been an informed, intelligent waiver. Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The facts of this case are different from those of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), wherein Gideon had at all times requested, but had been denied, counsel on the ground state law only required counsel to be appointed in capital cases.

of Governors of Registered Dentists, 202 Okl. 108, 210 P.2d 666 (1949), and immigration cases (341 U.S. at 230, 71 S.Ct. at 707), such as United States ex rel. Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298 (1933).

An intent to defraud is an essential element of California Penal Code § 476a, both by the specific language it uses, and by the cases interpreting it. People v. Oster, 129 Cal.App.2d 688, 278 P.2d 39 (1954); People v. Payton, 112 Cal.App. 2d 648, 246 P.2d 978 (1952). Also see cases cited note 4, § 476a, West's Annotated Calif.Penal Code.

Finding no error, we deny and dismiss the petition.