MATTER OF IBARRA-OBANDO

In Deportation Proceedings

A-11404949 .

*Decided by Board August 2, 1966 and November 4, 1966*

*Decided by Attorney General December 28, 1967*

Respondent's conviction in California of petty theft which was later expunged under section 1203.4 of the Penal Code of California is not a "conviction" of a crime for the purposes of section 241 (a) (4) of the Immigration and Nationality Act. [*Matter of G—*, 9 I. & N. Dec. 159, reaffirmed.]

CHARGE:

Order: Act of 1952—Section 241 (a) (4) [8 U.S.C. 1251 (a) (4)]—Convicted of two crimes after entry, to wit: burglary in violation of section 459 of the Penal Code of California, and petty theft in violation of section 488 of that code.

| ON BEHALF OF RESPONDENT: | ON BEHALF OF SERVICE: |
|---|---|
| Joseph Forer, Esquire | Irving A. Appleman, |
| 711–14th Street, N.W. | Appellate Trial Attorney |
| Washington, D.C. | |
| | Stephen M. Suffin |
| Lloyd E. McMurray, Esquire | Trial Attorney |
| 228 McAllister Street | (Brief submitted) |
| San Francisco, California 94102 | |
| (Brief submitted) | |

The case comes forward pursuant to certification by the special inquiry officer of his order dated March 1, 1966 that the proceedings be terminated.

The record relates to a native and citizen of Nicaragua, 25 years old, male, who was admitted to the United States for permanent residence at Brownsville, Texas on October 31, 1957. On September 17, 1963 he was convicted in the Municipal Court for the Santa Rosa Judicial District, Sonoma County, California of burglary in violation of section 459 of the Penal Code of California and was sentenced to serve ten months in the county jail. On December 10, 1965 he was convicted in the Municipal Court, in the City and County of San Francisco, California of petty theft in violation of section 488 of the Penal Code of California and was sentenced to serve 30 days in the county jail. On February 1,

1966 the special inquiry officer ordered respondent deported to Nicaragua under section 241(a)(4) of the Immigration and Nationality Act as an alien who has been convicted of two crimes involving moral turpitude after entry into the United States.

On February 2, 1966 the Municipal Court of San Francisco, California issued the following order:

Under the power vested in me to correct clerical error, and in order to correct such error in the record of this case, and good cause appearing therefore, (sic)

IT IS HEREBY ORDERED that the record in this case be corrected to show the following disposition of the case on December 10, 1965, before me in Department 12:

Imposition of sentence is suspended, and the defendant placed on probation to the court for 50 days, provided that as a condition of probation the defendant shall serve 30 days in County Jail.

On February 3, 1966 an application for dismissal pursuant to section 1203.4 of the Penal Code of California was made by the Public Defender and on February 7, 1966 the Municipal Court of San Francisco ordered that the plea or verdict of guilty heretofore entered be set aside and a plea of not guilty be entered, and that the information or complaint be dismissed, and that the defendant is released from all penalties and disabilities resulting from said offense.

The special inquiry officer cited *Matter of G—*, 9 I. & N. Dec. 159 in which the Attorney General upheld the holding of this Board that an alien, whose conviction by a California court is later expunged under section 1203.4 of the California Penal Code, has not been "convicted" of a crime for the purpose of section 241(a)(4) of the Immigration and Nationality Act. However, in view of the decision in the case of *Burr* v. *Immigration and Naturalization Service*, 350 F.2d 87, cert. den. February 21, 1966, in which the court indicated it did not agree with *Matter of G—*, and held that an alien had been convicted within the meaning of section 241(a)(4), notwithstanding such conviction was expunged under California procedures, the special inquiry officer certified the case to this Board to afford an opportunity to reconsider *Matter of G—*, in the light of *Burr.*.

*Matter of G—*, 9 I. & N. Dec. 159, involved an alien who entered the United States in 1955, was convicted in a California court of forgery of a fictitious name committed June 12, 1959 and was sentenced on July 29, 1959 to a term of one year in the county jail but simultaneously the sentence was suspended except as to 150 days thereof and he was placed on probation for three years. Following his release from jail, respondent moved for an expungement of his conviction under section 1203.4 of the Penal Code of California. The motion was granted, defendant's plea of "guilty" was entered, probation was terminated and the case dismissed, pursuant to section 1203.4

of the Penal Code. The Board on September 7, 1960 approved the order of the special inquiry officer terminating proceedings. The Board order was referred to the Attorney General pursuant to 8 CFR 3.1(h) (1) (ii).

Section 1203.4 of the California Penal Code provides that a defendant who has fulfilled the conditions of probation or who has been discharged from probation prior to the termination of its stated period shall be permitted by the court:

* * * to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; *Provided,* That in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.

The Attorney General stated that the issue to be decided was whether an alien whose conviction is later expunged under this statute is an "alien . . . who . . . is *convicted* of a crime . . ." for the purposes of section 241(a) (4) of the Immigration and Nationality Act. (Emphasis supplied.) [1] The Attorney General noted situations set forth in the proviso as well as other exceptions, but found that in general, an expungement under section 1203.4 renders a conviction of no force and releases the defender from penalties and disabilities to which he would otherwise be subject; in other words, insofar as the law of California is concerned, the expungement statute is generally effective to return a defendant to a status the same as though he had not been convicted.

For some 15 years the Board of Immigration Appeals has consistently held that a conviction expunged under the California statute does not afford a basis for deportation under either section 241(a) (4) of the Immigration and Nationality Act or section 241(a) (11), relating to expulsion of aliens convicted of narcotic violations. How-

---

[1] The memorandum submitted by the appellate trial attorney raising the question of whether the California court had jurisdiction to enter its order of February 2, 1965 correcting the clerical error in the sentence originally imposed, has been noted. However, it is believed that this matter, disputing the authority of the Court to make such an order, which was not considered by the special inquiry officer nor raised by the trial attorney, should not be considered initially on appeal but would appear to be more properly the subject of a motion to reconsider.

ever, in *Matter of A—F—*, 8 I. & N. Dec. 429, 441 (1959), the Attorney General ruled that expungement in narcotic cases had no effect in deportation proceedings brought under section 241(a)(11), specifically limiting his decision to cases under section 241(a)(11). The Attorney General did not rule on the issue presented under section 241(a)(4) with respect to nonnarcotic offenses, concluding that there was a clear national policy militating against the abridgement of the term "convicted" in the cases of aliens who were able to obtain expungement of narcotic convictions under state law.

In discussing the Service contention that the decision in *Matter of A—F—*, when considered with *Arrellano-Flores* v. *Hoy*, 262 F.2d 667 (9th Cir., 1958), cert. den. 362 U.S. 921, and *Wood* v. *Hoy*, 266 F.2d 825 (9th Cir., 1959), was applicable to cases arising under section 241(a)(4), the Attorney General pointed out that section 1203.4 of the California Penal Code had not been brought into play in either case and, therefore, did not serve to extend the Attorney General's ruling in *Matter of A—F—* beyond the limits of section 241(a)(11).

The case of *Pino* v. *Landon*, 349 U.S. 901 (1955), involved an alien who had been deported under section 241(a)(4) because of conviction of two crimes. In the second conviction the alien had received a suspended sentence and had been put on probation for a period of one year, at the end of the period the court revoked the sentence and, under a unique Massachusetts practice requiring the consent of the defendant, placed the case "on file". The court held that it was unable to say that this conviction had attained such finality as to support an order of deportation within the contemplation of section 241 of the Immigration and Nationality Act and reversed the judgment of the lower court.

The Attorney General in *Matter of G—* observed that cryptic as this cursory decision might be, it almost certainly evidenced rejection of the Court of Appeals' view that the construction of section 241(a)(4) is purely a "federal question" to be determined in terms of the policy behind its enactment and without regard to state law and procedure. The Massachusetts procedure, although revoking the sentence, leaves the plea or finding of guilt undisturbed while the California procedure, by setting aside the plea or finding of guilt, moves a conviction even further away from an area of finality. *Pino* v. *Landon* would seem, therefore, to make it an *a fortiorari* conclusion in a nonnarcotics case that an expungement of an alien's conviction under section 1203.4 of the California Penal Code withdraws the support of that conviction from a deportation order under section 241(a)(4) and brings it to the ground. The Attorney General concluded that since what judicial precedent there was pointed to the validity of the

long-standing rule of the Board of Immigration Appeals which was invoked in the matter under consideration, and since there was no Congressional sign post pointing in the opposite direction, he affirmed the Board's order.

*Matter of A—F—*, 8 I. & N. Dec. 429 (A.G., 1959), which was referred to by the Attorney General in his decision in *Matter of G—*, 9 I. & N. Dec. 159, held that a judgment of the California court, after finding of guilt, that the proceeding be suspended and probation be granted upon condition that the defendant serve one year in the county jail, constituted a "conviction" within the meaning of section 241(a)(11) of the 1952 Act; and that the finding of deportability under section 241(a)(11) of the 1952 Act based upon conviction of a state narcotics offense is not affected by a technical "expungement" or erasure of a conviction record, as authorized by some state statutes, upon fulfillment of conditions of probation, such as section 1203.4 of the California Penal Code or section 1772 of the Welfare and Institutions Code. The Attorney General's decisions in *Matter of A—F—* and *Matter of G—* were cited with approval by the court in *Garcia-Gonzales v. Immigration and Naturalization Service*, 344 F.2d 804 (9th Cir., 1965). The court noted at page 810 its awareness of administrative holdings that a convicted person who has actually received the benefits of the provisions of section 1203.4 of the California Penal Code cannot be deported under section 241(a)(4) of the 1952 Act but stated that it agreed with the Attorney General as to the intention of Congress in reference to aliens convicted of offenses mentioned in subsection (11), expressing no view as to subsection (4).[2]

In *Kelly v. Immigration and Naturalization Service*, 349 F.2d 473 (9th Cir., 1965) in which the sole issue involved was whether the petitioner was convicted within the contemplation of 8 U.S.C. 1251(a)(11) after conviction and sentence by a California court for violating a state narcotic provision, when a so-called "expungement" of the conviction had taken place under section 1203.4 of the California Penal Code, the court followed its prior decision in *Garcia-Gonzales*, *supra*, and repeated its agreement with the decision of the Attorney General in *Matter of A—F—*, 8 I. & N. Dec. 429, 445–446. The vigorous dissent of Judge Ely in the *Kelly* case, pages 474 to 480, is noted.

In *Burr v. Immigration and Naturalization Service*, 350 F.2d 87 (9th Cir., February 21, 1966), the alien was convicted on March 28, 1951 of a crime involving moral turpitude, received a suspended

---

[2] See *Hernandez-Valenzuela v. Rosenberg*, 304 F.2d 639 (9th Cir., 1962)—sentence under California Youth Offender's Act (somewhat similar to 1203.4, California Penal Code) does not affect deportability under 8 U.S.C.A. 1251(a)(11).

sentence and was granted probation for a period of ten years on condition that he make restitution and serve ten months of his probationary period in jail, the probationary period to run concurrently with the probationary period in another case. The alien was found deportable under 8 U.S.C. 1251(a)(4) as an alien who has been convicted of a crime involving moral turpitude (issuing insufficient funds check with intent to cheat and defraud) committed within five years after entry and was sentenced to confinement therefor for a year or more. The order of deportation was affirmed in *Burr* v. *Edgar*, 292 F.2d 593 (9th Cir., 1961). The alien was deported and again entered the United States on January 7, 1963 and after a deportation hearing it was determined that he was deportable under 8 U.S.C. 1251(a)(2) and 1252(f) as an alien who had unlawfully reentered the United States after having previously been deported pursuant to an order of deportation by reason of having been convicted of a crime involving moral turpitude. Deportation was ordered on August 3, 1964. The court held that the alien was not entitled to a review of the prior deportation proceeding which ended in an unsuccessful appeal unless there was newly presented evidence that could not have been presented in the prior proceedings or the remedy was inadequate or ineffective, citing section 106(c) of the Immigration and Nationality Act, 8 U.S.C. 1105(c). The court held the alien who could have raised defenses in the prior deportation hearing but did not, was not entitled to review in proceedings brought to challenge the subsequent deportation order entered two years after the alien's unlawful reentry following the issuance of a deportation warrant. This holding disposed of the primary issue in the case upholding the prior deportation order and upholding the current deportation order under 8 U.S.C. 1252(f) as an alien who had unlawfully reentered the United States after having previously been deported pursuant to an order of deportation by reason of having been convicted of a crime involving moral turpitude.

The court, however, went on to dispose of a number of other issues raised by the petitioner and restated by the Immigration and Naturalization Service. Although there is no indication either in the administrative file, *Matter of B—*, A-6451540, or in the record before the court, that the alien's conviction had been expunged under section 1203.4 of the California Penal Code, the court considered the contention that an alien whose conviction is later expunged has not "been convicted" and the alien's reliance on *Matter of G—*, 9 I. & N. Dec. 159. The court held that it had recently ruled three times to the contrary, citing *Garcia-Gonzalez* v. *Immigration and Naturalization Service*, 344 F.2d 804; *Ramirez-Villa* v. *Immigration and Naturalization Service*,

347 F.2d 985; *Kelly* v. *Immigration and Naturalization Service,* 349 F.2d 473. The court also stated that under the same reasoning adopted by that court in passing upon the effect of a state's expungement of conviction, it believes section 1251(a)(4); a federal statute, was intended to have a uniform application, and that the effect of this federal statute would not be made to depend upon the niceties and nuances of a state procedure.

The additional issues considered by the court may be considered in the nature of dicta inasmuch as the court had disposed of the primary issue which involved the denial of a collateral attack upon the prior deportation order of 1959. The court, relying upon the three cases referred to, *supra,* in answer to *Matter of G—,* 9 I. & N. Dec. 159 (1960), was relying upon three cases all of which involved narcotic convictions and deportation orders pursuant to section 241(a)(11) of the Immigration and Nationality Act. These decisions were in accord with the Attorney General's holding in *Matter of A—F—,* 8 I. & N. Dec. 429 (1959). Inasmuch as there was no evidence of an expungement pursuant to section 1203.4 of the California Penal Code, the *Burr* case did not fall within the scope of the holding in *Matter of G—,* 9 I. & N. Dec. 159. As the Attorney General pointed out in *Matter of G—, supra,* the decisions in *Arrellano-Flores* v. *Hoy,* 262 F.2d 667 (9th Cir., 1958), and *Wood* v. *Hoy,* 266 F.2d 825 (9th Cir., 1959), were not helpful in assessing the consequences of expungement furthering proceedings under section 241(a)(4) or section 241(a)(11) inasmuch as section 1203.4 of the California Penal Code had not been brought into play in either case. In like manner, the holding in *Burr* v. *Immigration and Naturalization Service,* 350 F.2d 87, is of no assistance.

The Attorney General in *Matter of G—,* 9 I. & N. Dec. 159, endorsed the holding of the Board that a conviction expunged under the California statute does not afford the basis for deportation under section 241 except as to narcotic convictions as spelled out in *Matter of A—F—,* 8 I. & N. Dec. 429 (1959). The Attorney General in *Matter of G—* was persuaded by the decision in *Pino* v. *Landon,* 349 U.S. 901, that the Supreme Court rejected the view that the construction of section 241(a)(4) was purely a "federal question" to be determined in terms of the policy behind its enactment and with regard to state law and procedure. Judicial precedents subsequent to the Attorney General's holding in *Matter of G—* in 1961 do not support a basis for abandoning the rule stated by the Attorney General in *Matter of G—.* Indeed, the strong dissent of Judge Ely in *Kelly* v. *Immigration and Naturalization Service,* 349 F.2d 473, is an endorsement of the Attorney General's view in *Matter of G—* and even expresses disagreement with

the opinion of the Attorney General as to narcotic convictions as held in *Matter of A—F—*, 8 I. & N. Dec. 429.

We conclude that in view of the expungement under section 1203.4 of the California Penal Code the respondent has not been convicted of the second crime of petty theft and, therefore, the charge of deportability for conviction of two crimes after entry based upon section 241(a) (4) of the Immigration and Nationality Act must fall.[3] The decision of the special inquiry officer will be approved.

We will not at this time certify our order to the Attorney General as informally requested by the appellate trial attorney at oral argument. We will await a formal request by the Commissioner to refer the case to the Attorney General as provided in 8 CFR 3.1(h) (iii).

ORDER: It is ordered that the decision of the special inquiry officer dated March 1, 1966 terminating the proceedings be and the same is hereby approved.

## BEFORE THE BOARD

The case comes forward on motion of the Service dated August 29, 1966 requesting reconsideration of our order of August 2, 1966 terminating the proceedings.

The facts have fully been set forth in our prior order of August 2, 1966 and will be restated briefly. The case came before us pursuant to certification by the special inquiry officer of his order dated March 1, 1966 terminating proceedings. The record relates to a native and citizen of Nicaragua, then 25 years old, male, who was admitted to the United States for permanent residence at Brownsville, Texas on October 31, 1957. On September 17, 1963 he was convicted of burglary in violation of section 459 of the Penal Code of California and was sentenced to serve ten months in the county jail. On December 10, 1965 he was convicted in Municipal Court, San Francisco, California of petty theft in violation of section 488 of the Penal Code of California and was sentenced to serve 30 days in the county jail. On February 1, 1966 the special inquiry officer ordered respondent deported under section 241 (a) (4) of the Immigration and Nationality Act as an alien who had been convicted of two crimes involving moral turpitude after entry into the United States. On February 2, 1966 the Municipal Court of San Francisco issued an order correcting the clerical error in the record of conviction, suspended imposition of sentence, placed the defendant on probation for 50 days, the defendant to serve 30 days as a condition of the probation. On February 7, 1966 the Court granted an application for dismissal, ordered that the plea of guilty theretofore

---

[3] *Matter of G—*, 9 I. & N. Dec. 159 (A.G., 1961).

entered be set aside and a plea of not guilty be entered, and that the information or complaint be dismissed and the defendant be released from all penalties and disabilities resulting from said offense pursuant to section 1203.4 of the Penal Code of California.

On the basis of the holding in *Matter of G—*, 9 I. & N. Dec. 159 (Attorney General 1961), the special inquiry officer terminated proceedings. On August 2, 1966, after consideration of the briefs filed by the trial attorney and by counsel for the respondent, and upon consideration of oral argument by the appellate trial attorney, we concluded that in view of the expungement under section 1203.4 of the California Penal Code the respondent had not been convicted of the second crime of petty theft and therefore the charge of deportability for conviction of two crimes after entry based upon section 241(a)(4) of the Immigration and Nationality Act must fall, and we approved the decision of the special inquiry officer terminating proceedings.

The present motion relies principally upon the case of *Burr v. Immigration and Naturalization Service*, 350 F.2d 87.[1] In our prior order of August 2, 1966 we considered the *Burr* case at length. The *Burr* case involved an alien who had entered the United States on October 8, 1946, had been convicted on March 28, 1951 of a crime involving moral turpitude, received a suspended sentence, was granted probation for a period of ten years conditioned upon his making restitution and serving ten months of his probationary period in jail, the alien was found deportable under 8 U.S.C. 1251(a)(4) of the Immigration and Nationality Act for crime committed within five years after entry, and was deported in 1959. He reentered the United States on January 7, 1963 and after a deportation hearing, it was determined that he was deportable under 8 U.S.C. 1251(a)(2) and 1252(f) as an alien who had unlawfully reentered the United States after having previously been deported pursuant to an order of deportation by reason of having been convicted of a crime involving moral turpitude, *etc.* The court held that the alien was not entitled to a reivew of the prior deportation proceeding which had ended in an unsuccessful court appeal (292 F.2d 593) unless there was newly presented evidence which could not have been presented in the prior proceedings or the remedy was inadequate or ineffective, citing section 106(c) of the Immigration and Nationality Act (8 U.S.C. 1105(c)). The court held that the alien who could have raised defenses in the prior deportation hearing but

---

[1] Also cited in the Service's motion were the cases of *Garcia-Gonzales* v. *Immigration and Naturalization Service*, 344 F.2d 804 (9th Cir., 1965), which involved a conviction for unlawful possession of heroin; and *Hernandez-Valensuela* v. *Rosenberg*, 304 F.2d 639 (9th Cir. 1962), which likewise involved a conviction for a narcotics offense and a sentence under the Youth Offenders' Act.

did not, was not entitled to a review in proceedings brought to challenge the subsequent deportation order entered two years after the alien's unlawful reentry following the issuance of a deportation warrant.

We held that this holding disposed of the primary issue in the *Burr* case upholding the prior deportation order and upholding the current deportation order under 8 U.S.C. 1252(f). We held that the additional issues considered by the court were to be considered in the nature of *obiter dicta* inasmuch as the court had disposed of the primary issue which involved the denial of a collateral attack upon the prior deportation order of 1959. In deciding these additional issues, the court, relying upon three cases all of which involved narcotic convictions and deportation orders pursuant to section 241(a)(11), held these decisions were in accord with the Attorney General's holding in *Matter of A—F—*, 8 I. & N. Dec. 429 (1959). We also held that inasmuch as there was no evidence of an expungement pursuant to section 1203.4 of the California Penal Code, the *Burr* case did not fall within the scope of the holding in *Matter of G—*, 9 I. & N. Dec. 159 (Attorney General 1961), in which the Attorney General pointed out that prior decisions in *Arrellano-Flores* v. *Hoy*, 262 F. 2d 667 (9th Cir. 1958), and *Wood* v. *Hoy*, 266 F.2d 825 (9th Cir., 1959), were not helpful in assessing the consequences of expungement proceedings under section 1203.4 of the California Penal Code inasmuch as that section of the California Penal Code had not been brought into play in either case. In like manner, we held that the holding in the *Burr* case, in which there was no evidence that the conviction had been expunged pursuant to section 1203.4 of the California Penal Code, was likewise of no assistance.

In our order of August 2, 1966 we explored at length the holding of the Attorney General in *Matter of G—*, 9 I. & N. Dec. 159, which involved an alien who is convicted of forgery and was sentenced on July 29, 1959 to a term of one year, the sentence was suspended except as to 150 days thereof, placed on probation for three years, moved for an expungement of his conviction under section 1203.4 of the Penal Code of California which was granted, defendant's plea of "guilty" was set aside and the case dismissed pursuant to section 1203.4 of the California Penal Code. The Attorney General held that an alien whose conviction by a California Court is later expunged under section 1203.4 of the California Penal Code, has not been "convicted" of a crime for the purposes of section 241(a)(4) of the Immigration and Nationality Act, noting the exception to the rule carved out in *Matter of A—F—*, 8 I. & N. Dec. 429 (1959), holding that an expungement under section 1203.4 of the California Penal

Code did not affect a narcotics conviction which served as the basis of a ground of deportation under section 241(a)(11) of the Immigration and Nationality Act.

The Attorney General, in *Matter of G—*, 9 I. & N. Dec. 161, noted that since 1943 the Board of Immigration Appeals had consistently held that a conviction expunged under the California statute did not afford a basis for deportation under section 241(a)(4) of the Immigration and Nationality Act. The Attorney General's holding in *Matter of A—F—*, *supra*, was grounded on the history of section 241(a)(11) and section 241(b) which is concerned with pardons and judicial recommendations against deportation and concluded that there was a clear national policy militating against the abridgement of the term "convicted" in the case of aliens who are able to obtain expungement of narcotics convictions under state law. The Attorney General in *Matter of G—*, noted that section 241(a)(4) nevertheless remains substantially less severe than section 241(a)(11), especially when viewed in conjunction with section 241(b); furthermore, and perhaps of more significance, it is not the end product of a history pointing to a stringent national policy of the nature referred to in *Matter of A—F—* regarding narcotics. The Attorney General was unable to agree that the holdings of *Arrellano-Flores*[2] and *Wood*[3], in neither of which section 1203.4 of the California Penal Code had been brought into play, served to extend his ruling in *Matter of A—F—*, beyond the precise boundary marked off for it — *i.e.*, beyond the limits of section 241(a)(11). The Attorney General relied upon the holding in *Pino v. Landon*, 349 U.S. 901 (1955), which rejected the Court of Appeals' view that the construction of section 241(a)(4) is purely a "federal question" to be determined in terms of the policy behind its enactment and without regard to state law and procedure; and concluded that in a nonnarcotics case, an expungement of an alien's conviction under section 1203.4 of the California Penal Code withdraws the support of that conviction from a deportation order under section 241(a)(4) and brings it to the ground. The Attorney General concluded that since what judicial precedent existed pointed to the validity of the long standing rule of the Board of Immigration Appeals which was invoked in that matter, and since there was no congressional signpost pointing in the opposite direction, he found no reason to reverse the rule and approved the Board's order approving the order of the special inquiry officer terminating proceedings.

We would hesitate to recommend a change in the holding of the Attorney General in *Matter of G—*, 9 I. & N. Dec. 159, upon the basis

---

[2] 262 F. 2d 657 (9th Cir. 1958), cert. denied 362 U.S. 921.

[3] 266 F.2d 825 (9th Cir. 1959).

of the oblique, subsidiary holding reached in the case of *Burr* v. *Immigration and Naturalization Service*, 350 F.2d 87, in which there was no actual expungement under section 1203.4 California Penal Code. The *Burr* case adds nothing to *Matter of G—* which was not already considered in the latter case.

The other matters set forth in the motion are largely a rehash or a restatement of arguments previously considered and rejected by the Attorney General in *Matter of G—*. The two cases which have been decided in the 9th Circuit since the Attorney General's decision in *Matter of G—, Hernandez-Valensuela* v. *Rosenberg*, 304 F.2d 639 (1962), and *Garcia-Gonzales* v. *Immigration and Naturalization Service*, 344 F.2d 804 (1965), both involve narcotics offenses and deportation orders under section 241(a)(11) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(11)). The latter case cited with approval the Attorney General's holding in *Matter of A—F—*, 8 I. & N. Dec. 429, without expressing any view as to sub-section (4).

In summary, in *Matter of G—*, 9 I. & N. Dec. 159, the Attorney General restated the general rule that an alien, whose conviction by a California court is later expunged under section 1203.4 of the California Penal Code, has not been "convicted" of a crime for the purpose of section 241(a)(4) of the Immigration and Nationality Act and limited his exception to that ruling as expressed in *Matter of A—F—*, 8 I. & N. Dec. 429, to narcotic offenses which, despite an expungement, still remain a basis for deportation under section 241(a)(11) of the Act. The primary holding in *Burr* v. *Immigration and Naturalization Service*, 350 F.2d 87 (9th Cir. 1965), was that the prior deportation proceedings, which ended in an unsuccessful appeal to the courts, could not be collaterally attacked unless newly presented grounds which could not have been presented in the prior proceedings or the remedy was inadequate or ineffective as provided by section 106(c) of the Immigration and Nationality Act (8 U.S.C. 1105(c)). The additional holdings in the *Burr* case involved a crime which constituted a felony and in which the question of expungement under section 1203.4 of the California Penal Code was not present. These holdings are urged as grounds for reconsideration of the Attorney General's rule in *Matter of G—*. In view of the well reasoned rationale of the Attorney General's holding in *Matter of G—*, the *Burr* case appears to present very weak judicial precedent upon which to base so significant a step, and does not constitute persuasive judicial precedent upon which to base a holding contrary to *Matter of G—*. It may be noted that in the numerous congressional amendments which have been made in the Immigration and Nationality Act of 1952, culminating in the Act of October 3, 1965, Congress has given no signpost or indication that the rule in *Matter of*

587

*G—*, of which it undoubtedly was aware, should be abandoned or modified. The motion will be denied.

**ORDER:** It is ordered that the motion be and the same is hereby denied.

### BEFORE THE ATTORNEY GENERAL ON REVIEW

In this case the Board of Immigration Appeals has affirmed the decision of the Special Inquiry Officer terminating deportation proceedings. The Board's decision has been referred to me for review at the request of the Commissioner of Immigration and Naturalization, under 8 CFR 3.1(h) (1) (iii).

These proceedings were instituted on the charge that the respondent had been convicted of two crimes involving moral turpitude and was thus deportable under section 241(a) (4) of the Immigration and Nationality Act (8 U.S.C. 1251(a) (4)). Subsequently, his second conviction was expunged by a California court, under section 1203.4 of the California Penal Code.[1] The Special Inquiry Officer thereupon terminated these proceedings because of the long-established administrative rule that a non-narcotics conviction which has been expunged pursuant to such state procedure is not a "conviction" for the purpose of section 241(a) (4) of the Immigration and Nationality Act. The Immigration and Naturalization Service wishes me to reconsider that rule, pointing to *Burr* v. *Immigration and Naturalization Service*, 350 F. 2d 87 (9th Cir. 1965), *cert. den.* 383 U.S. 915 (1966), as indicating judicial disagreement with the rule.

Prior to 1959 the Board had consistently held for over fifteen years that a conviction expunged in accordance with such state procedure does not afford the basis for deportation either under section 241(a) (4) or under section 241(a) (11), the latter of which relates to convictions in narcotics cases. In *Matter of A—F—*, 8 I. & N. Dec. 429 (1959), the Attorney General overruled the Board as to narcotics convictions, stating, at p. 445:

> I limit my disagreement to the precise issue presented—namely, a deportation proceeding brought under § 241(a) (11), as it may be affected by state laws of the nature of the California statutes considered herein.

In *Matter of G—*, 9 I. & N. Dec. 159 (1961), Attorney General Rogers held that his ruling in *Matter of A—F—* was indeed to be limited to

---

[1] The Board has properly declined to pass upon the question, raised by the Immigration and Naturalization Service for the first time on appeal, as to the jurisdiction of the California court to issue its *nunc pro tunc* "corrective" order of February 2, 1966, without which respondent's conviction could not have been expunged under section 1203.4. That question is thus not before me now and I express no views on it.

narcotics convictions, because of the particular legislative history of section 241(a)(11), which disclosed a "clear national policy militating against the abridgement of the term 'convicted' in the cases . . . of narcotics convictions" (*Id.*, at 167), but that as to nonnarcotics cases there was "no reason to reverse the [Board's long-standing] rule." *Id.*, at 169.

In the present case the Board, in its order of August 2, 1966, approved the decision of the Special Inquiry Officer and, in its order of November 4, 1966, denied the Service's motion requesting reconsideration of its prior order. Both orders were accompanied by opinions amply supporting the Board's view that the Service had not demonstrated sufficient reason to warrant administrative re-examination of this rule, which has been in effect since at least 1943.

Attorney General Rogers, in *Matter of G—*, carefully considered the instant question and concluded that in determining the effect of expungement of convictions on an alien's deportability a distinction is warranted between narcotics convictions for the purpose of section 241(a)(11) and other convictions for the purpose of section 241(a)(4).

In the *Burr* case, decided in 1965, the Court of Appeals for the Ninth Circuit indicated its disagreement with *Matter of G—*, stating that its holding in three earlier cases of that year,[2] to the effect that expungement of an alien's narcotics conviction does not affect his deportability, "applies equally" to deportability in a non-narcotics case. 350 F.2d at 90. This statement, however, was clearly not necessary to the decision in *Burr*. The issue raised there by the alien as to the effect of expungement of a non-narcotics conviction on deportability was purely hypothetical, since he sought to attack collaterally a prior deportation grounded on a conviction which had not been and could not have been expunged.[3] In this context the court properly rejected the alien's contention summarily. It could have done so by distinguishing *Matter of G—* as inapplicable because it involved non-narcotics convictions which had actually been expunged.

Moreover, it should be noted that although in *Burr* the court cursorily equated narcotics convictions with non-narcotics convictions,

---

[2] *Garcia-Gonzales v. INS*, 344 F.2d 804 (9th Cir. 1965), *cert. den.* 382 U.S. 840 (1965); *Ramirez-Villa v. INS*, 347 F.2d 985 (9th Cir. 1965), *cert. den.* 382 U.S. 908 (1965); *Kelly v. INS*, 349 F.2d 473 (9th Cir. 1965), *cert. den.* 382 U.S. 932 (1965).

[3] As the Acting General Counsel of the Service noted in his memorandum in support fo the Service's motion for reconsideration of the Board's August 2 order (p. 4), Burr could not have qualified for expungement under section 1203.4 of the California Penal Code; and as noted in the Solicitor General's brief in opposition to Burr's petition for certiorari (p. 8), he could not have qualified for expungement under section 1203.4a.

589

only a few months earlier a different panel of the same court, in one of the cases relied on in *Burr*, had referred to the distinction made by the Attorney General in *Matter of G—* between narcotics and other convictions, following a full discussion of the general question of the effect of expungment on deportability, and expressly disclaimed any views as to that distinction, deliberately limiting its holding to narcotics cases. *Garcia-Gonzales* v. *INS, supra,* at 810.

Similarly, in the most recent Ninth Circuit case involving the question of the effect of expungement on deportability for a narcotics conviction, the court merely reaffirmed its 1965 holding that expungement under California Penal Code § 1203.4 "does not wipe out the conviction . . . *for the purposes of* § *241 (a) (11)* of the Immigration and Nationality Act." *Brownrigg* v. *INS,* 356 F. 2d 877, 878 (1966) (emphasis added). It seems significant that Judge Barnes, who wrote the *Brownrigg* opinion and had also written the *Burr* opinion, did not cite the latter as precedent for or otherwise assert a broader ruling, to the effect that expungement does not wipe out a conviction for the purpose of determining deportability under *any* provision of the Immigration and Nationality Act.

In these circumstances, I do not feel that the court's statement in *Burr*, which is relied upon by the Service, requires reconsideration of the Attorney General's carefully considered ruling in *Matter of G—*.

The Board's decision is affirmed.