**Tomas Miguel MACIAS–RAMOS, Petitioner—Appellant,**

v.

**Thomas SCHILTGEN; et al., Respondents—Appellees.**

No. 03–55181.

D.C. No. CV–02–05345–GAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Jan. 30, 2004.

Marc A. Karlin, Esq., Louis A. Gordon, Los Angeles, CA, for Petitioner–Appellant.

Vince Farhat, Esq., Los Angeles, CA, for Respondent–Appellee.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM *

Tomas Macias–Ramos, a native of Ecuador, appeals the district court's ruling denying his petition for writ of habeas corpus in which he sought to prevent the use of a 1992 expunged misdemeanor weapon conviction as grounds to deport him and to deny his request for suspension of deportation and voluntary departure. The district court had jurisdiction under 28 U.S.C. § 2241, and we have jurisdiction under 28 U.S.C. § 2253. The Board of Immigration Appeals violated due process by failing to timely correct the Immigration Judge's error of law in using the expunged conviction. We therefore reverse the district court.

It is well established that aliens have a right to due process in deportation proceedings. *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). A BIA decision violates due process if the proceeding was "'so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (quoting *Platero–Cortez v. INS,* 804 F.2d 1127, 1132 (9th Cir.1986)).

In 1993, the IJ clearly erred in ruling that Macias–Ramos's expunged conviction was grounds to deport him and to deny his requested relief. *See In re Luviano–Rodriguez,* 21 I. & N. Dec. 235, 237 (BIA 1996) ("For many years this Board has recognized that a criminal conviction that has been expunged pursuant to section 1203.4

of the California Penal Code may not support an order of deportation.") (citing *Matter of Ibarra–Obando,* 12 I. & N. Dec. 576 (BIA 1966) and *Matter of G–,* 9 I. & N. Dec. 159 (BIA 1960)). As the sole appellate tribunal within the agency, the BIA had a duty to correct this error in order to provide Macias–Ramos meaningful relief. Instead, the BIA sat on his appeal for more than six years, for no apparent reason.[1] This worked to the government's advantage since, during the delay, Congress enacted the IIRIRA so that expungement no longer eliminates the immigration ramifications of a conviction. 8 U.S.C. § 1101(a)(48); *Ramirez–Castro v. INS,* 287 F.3d 1172, 1175–76 (9th Cir. 2002); *Murillo–Espinoza v. INS,* 261 F.3d 771, 774 (9th Cir.2001). Thus, where Macias–Ramos had a right to reversal of the IJ's ruling before 1996, he lost that right due to the BIA's failure to timely act.

The change in the applicable law was devastating to Macias–Ramos on several fronts. The revived conviction was now a basis to deport him. 8 U.S.C. § 1227(a)(2)(C). It required him to prove ten, rather than seven, years of continuous physical presence in the United States to qualify for suspension of deportation. 8 U.S.C. § 1254(a)(2) (1993) (repealed 1996). And he had to show good moral character for ten years to qualify for voluntary departure. 8 U.S.C. § 1254(e)(1) (1993) (repealed 1996). The prejudice he suffered is clear and egregious. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (alien claiming due process violation must demonstrate prejudice). In light of this, the BIA violated Macias–Ramos's right to be heard "at a meaningful time and in a meaningful manner." *Eldridge,* 424 U.S. at 333, 96 S.Ct. 893; *see also Coe v. Thurman,* 922

F.2d 528, 532 (9th Cir.1990) (holding that excessive delay in processing appeal of criminal conviction violated due process).

Although the BIA generally must apply the law in place at the time of its review, *Ortiz v. INS,* 179 F.3d 1148, 1156 (9th Cir.1999), that rule is not absolute where error effectively denied an alien a meaningful hearing under the law existing when the hearing was held. *See, e.g., Guadalupe–Cruz v. INS,* 240 F.3d 1209, 1212 (9th Cir.2001) (concluding that BIA's failure to correct IJ's error was defect requiring application of law in effect at time of initial hearing); *Roman v. INS,* 233 F.3d 1027, 1032–33 (7th Cir.2000) (noting that procedural defect resulting in the loss of an opportunity for statutory relief requires remand for a hearing under former law); *Castillo–Perez v. INS.,* 212 F.3d 518, 528 (9th Cir.2000) (holding that ineffective assistance of counsel before IJ required remand for application of law existing at the time of the IJ's hearing). The BIA's failure to timely remedy the IJ's error denied Macias–Ramos the right not to have his expunged conviction used in his case. The only meaningful remedy for that defect is to give him a hearing under the law that would have applied, had the BIA not delayed his appeal. *Guadalupe–Cruz,* 240 F.3d at 1212.

In light of the due process violation that occurred, the district court erred in denying the petition for writ of habeas corpus. We reverse and remand with instructions to grant a writ of habeas corpus directing the BIA to remand Macias–Ramos's case to an IJ for a new deportation hearing. At that hearing, pre-IIRIRA law shall apply on the issues of deportability, suspension

---

1. We are mystified by the length of time it took the BIA to process the appeal. The facts, law, and requests for relief were relatively simple and straightforward. Though not applicable here, we note that the delay in this case far exceeds the recently-imposed 180–day goal for deciding appeals. 8 C.F.R. § 1003.1(e)(8)(i) (2003).

of deportation, and voluntary departure.[2]
*Id.*

REVERSED AND REMANDED.

---

**2.** In ruling on suspension of deportation, current facts and circumstances must be considered. *See Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 862–63 (9th Cir.2003).